UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
SERVAAS INCORPORATED,                                       :
                                                            :
                Plaintiff,                              :   09 CV 1862 (RMB)
                                                            :
     v.                                                    :
                                                            :
REPUBLIC OF IRAQ and MINISTRY OF                            :
INDUSTRY OF THE REPUBLIC OF IRAQ,                           :
                                                            :
                Defendants.                             :
                                                            :
------------------------------------------------------------X

# PLAINTIFF SERVAAS INCORPORATED'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL POST-JUDGMENT DISCOVERY

John A. Piskora (JP-1224)
LOEB & LOEB LLP
345 Park Avenue
New York, NY 10154
Main: (212) 407-4000
Fax: (212) 407-4990

*Attorneys for Plaintiff*
*SerVaas Incorporated*

NY1015438.1
213685-10001

Plaintiff SerVaas Incorporated ("SerVaas") respectfully submits this memorandum of law in support of its motion, pursuant to Rules 26, 33, 34 and 69 of the Federal Rules of Civil Procedure, seeking an Order (1) compelling Defendants Republic of Iraq (the "Republic") and the Ministry of Industry of the Republic of Iraq (the "Ministry") to provide post-judgment discovery (*i.e.*, to produce documents and interrogatory responses) on or before a date certain set by the Court; and (2) granting SerVaas such other and further relief as the Court deems just and proper.

## ARGUMENT

SerVaas initiated this action seeking the recognition and enforcement of a 1991 French money-judgment which Defendants have, to date, refused to pay. By Decision and Order dated February 1, 2012, the Court granted SerVaas summary judgment as to its claims for recognition, and dismissed each of the Defendants' defenses. Based thereon, an Amended Judgment was filed and entered on February 14, 2012. Although the Defendants have filed a notice of appeal of that judgment, they did not post a bond or otherwise seek a stay of enforcement.

In furtherance of potential enforcement proceedings, on March 8, 2012, SerVaas served document requests and interrogatories (see Declaration of John Piskora ("Piskora Decl."), dated May 16, 2012, at Exhs. 1 (document requests) and 2 (interrogatories)) upon the Republic and the Ministry seeking post-judgment discovery as to Defendants' assets. See Fed. R. Civ. P. 69(a)(2) ("In aid of the judgment or execution, the judgment creditor … may obtain discovery from any person – including the judgment debtor – as provided in these rules or by the procedure of the state where the court is located."). To date, neither the Republic or the Ministry have provided written objections to the discovery requests, let alone substantive responses and/or

documents. See Piskora Decl. at ¶¶ 2-3. By failing to timely respond,[1] Defendants have waived any purported objection to the discovery requests. See, e.g., Carr v. Queens-Long Island Med. Group, P.C., 2003 WL 169793 at *5 (S.D.N.Y. Jan. 24, 2003) ("The failure to provide discovery responses in a timely fashion is a basis for deeming objections waived.") (*citing* cases); see also Jacoby v. Hartford Life and Accident Ins. Co., 254 F.R.D. 477, 478 (S.D.N.Y. 2009) (granting motion to compel, noting that defendant's failure to produce documents or answer interrogatories was "a paradigm of discovery abuse"); AETNA Life Ins. Co. v. Licht, 2005 WL 180873 at *2 (S.D.N.Y. Jan. 27, 2005) (granting motion to compel).

Accordingly, Defendants should be compelled to provide responsive documents and sworn interrogatory responses by a date certain set by the Court.

---

[1] In Defendants' pre-motion letter to the Court dated April 27, 2012, submitted well after the time for Defendants to respond to the discovery requests had already run, Defendants claimed that "[g]rounds exist for a protective order, including but not limited to on grounds of the 'attachment immunity' provided to Defendants by Section 1609 of the Foreign Sovereign Immunities Act...." Iraq is wrong. The Foreign Sovereign Immunities Act ("FSIA") does not govern discovery. Rather, as the Second Circuit has squarely held, where (as here) the Court has subject matter jurisdiction over a sovereign defendant, "[p]ermitting full discovery" against the sovereign judgment debtor "would not intrude upon [its] sovereign immunity." First City, Texas-Houston, N.A. v. Rafidain Bank, 150 F.3d 172, 177 (2d Cir. 1998) ("*Rafidain I*"); see also First City, Texas-Houston, N.A. v. Rafidain Bank, 281 F.3d 48, 53-54 (2d Cir. 2002) ("*Rafidain II*") (holding that where exception to FSIA jurisdictional immunity had been established, such jurisdiction was sufficient to "sustain the court's jurisdiction through proceedings to aid collection of a money judgment, including discovery pertaining to the judgment debtor's assets").

## CONCLUSION

For each and all of the foregoing reasons, Plaintiff SerVaas Incorporated respectfully requests that the Court enter an Order compelling Defendants Republic of Iraq and the Ministry of Industry of the Republic of Iraq to provide documents and sworn interrogatory responses on or before a date certain fixed by the Court, and granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
       May 16, 2012

LOEB & LOEB LLP

By: _____
John A. Piskora (JAP-1224)
345 Park Avenue
New York, NY 10154
Ph: (212) 407-4082
Fax: (212) 407-4990

*Attorneys for Plaintiff*
*SerVaas Incorporated*