**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____X
                                    :
**SERVAAS INCORPORATED,**
                                    :
                **Plaintiff,**
                                    :          **Case No. 09 CV 1862 (RMB)**
        **v.**
                                    :
**REPUBLIC OF IRAQ and**
**MINISTRY OF INDUSTRY OF THE**     :
**REPUBLIC OF IRAQ,**
                                    :
                **Defendants.**
_____X

### DECLARATION OF TIMOTHY B. MILLS IN SUPPORT OF DEFENDANTS' (1) CROSS MOTION FOR PROTECTIVE ORDER; AND (2) OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

I, Timothy B. Mills, declare, pursuant to 28 U.S.C. Section 1746, as follows:

1.      I have personal knowledge of the facts stated herein, unless otherwise stated.  If called and sworn as a witness, I could and would competently testify to such facts, as stated in each of the following paragraphs of this declaration (the "Declaration").

2.      I make this declaration in support of: (1) the cross-motion of defendants Republic of Iraq ("Iraq") and Ministry of Industry ("Ministry") (collectively "Defendants") for a protective order with respect to plaintiff Servaas Incorporated's ("Plaintiff") Interrogatories and the Requests for Production of Documents; and (2) Defendants' opposition to Plaintiff's motion to compel Defendants' production of answers to the Interrogatories and responses to the Requests for Production of Documents.

3.      At all times relevant to the matters discussed in this Declaration, I have been and continue to be lead counsel for Defendants in the above-captioned action (the "Action").

4.      On 8 March 2012, SerVaas propounded post-judgment interrogatories and requests for production of documents upon defendants (Plaintiff's Discovery Requests").  On 30 March 2012, counsel for Defendants ("Defendants' Counsel") telephoned counsel for SerVaas ("SerVaas Counsel") at his office and left a message and then emailed SerVaas Counsel to attempt to confer with respect to Plaintiff's Discovery Requests.  However, SerVaas counsel did not respond.

5.      On 5 April 2012, Defendants' Counsel again communicated to SerVaas Counsel that Defendants' counsel was attempting to confer regarding Plaintiff's Discovery Requests and as part of that communication: (a) reported that Defendants' Counsel had both telephoned and emailed to confer the prior week; (b) advised that Defendants required an adjournment of the return date for Plaintiff's Discovery Requests; and (c) stated Defendants' positions that the requested discovery "presents several serious issues of potential sovereign immunity[,]" the discovery requests are "very broad[,]" and further advised that "[d]uring the 30-day period . . . all of the Government of Iraq was put on vacation for a 9-day period owing to Iraq hosting the Arab League summit.

6.      Because of SerVaas Counsel's non-responsiveness, between 5 April 2012 and 9 April 2012, Defendants' Counsel commenced preparation of a pre-motion conference letter to this Court that would report Defendants' Counsel's attempts to confer with SerVaas Counsel, inform the Court of Defendants' need for an adjournment of the 9 April 2012 due date for discovery responses established by the Federal Rules of Civil Procedure and provide a statement of good cause for a motion to adjourn the due date and setting forth Defendants' grounds for Defendants' objections to Plaintiff's Discovery Requests and for a motion for a protective order.

7.      On 9 April 2012, prior to Defendants' Counsel sending the pre-motion conference letter to the Court, SerVaas Counsel emailed Defendants' Counsel that SerVaas Counsel

"hope[s] to get back to you today as to" Defendants' Counsel's request for an adjournment of the due date for responses to Plaintiff's Discovery Requests.

8.      On 13 April 2012, Defendants' Counsel emailed SerVaas Counsel inquiring about the status of SerVaas response.

9.      On 16 April 2012, SerVaas Counsel responded by email with respect only to Defendants' Counsel's request for an extension of time to respond to Plaintiff's Discovery Requests, stating that SerVaas does not consent to any adjournment.  SerVaas Counsel did not confer on any other issue.

10.      On 17 April 2012, Defendants' Counsel communicated by emailed to SerVaas Counsel the additional bases – in addition to the request for an extension – for his request that counsel confer *via* telephone in good faith regarding Defendants' specific objections and claimed immunities to Plaintiff's Discovery Requests and expressly requested that SerVaas Counsel telephone to confer on those issues pursuant to "the Federal Rules of Civil Procedure and local Civil Rules on the subject of limiting [SerVaas] discovery requests to those that are proper under the applicable laws and rules."

11.      Thereafter, on 17 April 2012, SerVaas Counsel stated by email that SerVaas Counsel declined to "confer as to the potential objections" until Defendants set forth their objections in responses and advised that he "tailored" the requests "to comply with the FSIA[,] that "very similar requests were permitted in another FSIA action pending in the SDNY[,]" and that the "limitations of Local Rule 33.3 are not applicable here because the parties are not 'at the commencement of discovery.'"

12.      Upon receiving this communication from SerVaas Counsel, Defendants' Counsel sought to investigate the alleged case permitting discovery under the FSIA and additional case law in the Second Circuit and other Circuits in order to further confer with SerVaas regarding those legal claims, and to then further confer with the clients (who are foreign sovereign entities

in the Middle East), particularly with respect to the time frame within which certain discovery responses might be provided if determined to be legally appropriate, and other related discovery issues.

13.     Up through 26 April 2012, Defendants' Counsel: (a) had not yet received further client authority with respect to the Discovery Issues; and (b) was continuing legal research of the claims made by SerVaas Counsel so as to be prepared to further confer in good faith with SerVaas Counsel and to write and send a suitable pre-motion conference letter requesting an extension of time to respond to Plaintiff's Discovery Requests (including moving for a protective order as merited).  Accordingly, Defendants' Counsel anticipated being in a position to further conferring with SerVaas Counsel by the close of business, Friday, 27 April 2012.

14.     On 26 April 2012  , SerVaas Counsel filed a pre-motion conference letter with this Court seeking to compel responses to Plaintiff's Discovery Requests.

15.     On 29 April 2012, Defendants' Counsel filed a pre-motion conference letter with this Court seeking an extension of time and setting forth a summary of Defendants' grounds for a protective order motion.

16.     On 30 April 2012, this Court endorsed SerVaas Counsel's pre-motion conference letter and scheduled a pre-motion conference for 10 May 2012. [73]

17.     On 10 May 2012, the parties appeared before this Court and agreed to a motion schedule consisting of a motion to compel by SerVaas and a cross motion for a protective order by Defendants.  On 16 May 2012, this Court entered the final agreed-upon briefing schedule relating to the permitted motions by the parties providing, among other things, that SerVaas may bring a motion to compel by 18 May 2012 and that Defendants shall oppose and may bring a cross-motion for a protective order by June 8, 2012 [77].

18.     Defendants' cross-motion for a protective order constitutes Defendants' first response to Plaintiff's Discovery Requests.

19.     I append as Exhibit 1 and 2 to this Declaration, respectively, Defendants' responses to SerVaas: (1) Interrogatories; and (2) Request for Production of Documents.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 8th day of June 2012, in Washington, D.C.

/s/Timothy B. Mills

**<u>EXHIBIT 1</u>**

**<u>Defendants' Responses to SerVaas Interrogatories</u>**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
——————————————————X

SERVAAS INCORPORATED,                    :

                    Plaintiff,           :

          v.                             :          **Case No. 09 CV 1862 (RMB)**

                                         :

REPUBLIC OF IRAQ and
MINISTRY OF INDUSTRY OF THE              :
REPUBLIC OF IRAQ,

                                         :

                    Defendants.          :
——————————————————X

---

### DEFENDANTS REPUBLIC OF IRAQ AND
### MINISTRY OF INDUSTRY OF THE REPUBLIC OF IRAQ RESPONSE TO
### PLAINTIFF'S FIRST SET OF INTERROGATORIES

---

Pursuant to Rules 26, 33 and 69 of the Federal Rules of Civil Procedure and the Local

Rules for the Southern District of New York, Defendants Republic of Iraq ("Iraq") and Ministry

of Industry of the Republic of Iraq ("Ministry") submit the following objections and responses to

Plaintiff's First Set of Interrogatories.

### NOTICE OF NON-WAIVER OF ANY SOVEREIGN IMMUNITY, INCLUDING ANY
### FOREIGN SOVEREIGN ATTACHMENT IMMUNITY THAT ANY DEFENDANT MAY
### POSSESS OR ENJOY UNDER ANY APPLICABLE LAW

Each Defendant expressly reserves and does not waive any sovereign immunity,

including any foreign sovereign attachment immunity, that any Defendant may possess or enjoy

under any applicable law, including but not limited to the Foreign Sovereign Immunities Act, 28

U.S.C. 1601 et seq.  Accordingly, each Defendant's response to Plaintiff's First Set of

Interrogatories shall not be construed or given any effect of any waiver whatsoever of sovereign immunity.

## RESPONSES TO INTERROGATORIES

**Interrogatory No. 1:**

Identify all Property of the Republic that is located within the Territorial Jurisdiction of the United States. For all Property identified, identify the person(s) within the Territorial Jurisdiction of the United States with custody and/or control of such Property as well as the person with the most knowledge regarding the location of that Property. For all Property so identified, describe whether it is or has been the subject of a Commercial Transaction, and the nature of the Commercial Transaction.

**Defendants' Response to Interrogatory No. 1:**

Defendants objects to this Interrogatory as it is overly broad, unduly burdensome, not reasonably calculated to elicit discoverable information, and to the extent that it requests information that abridges Defendants' sovereign immunity pursuant to the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1608, *et seq.*  Defendants further object on the grounds that SerVaas' definition of "Property of the Republic of Iraq" includes all tangible property or intangible property owned by Republic of Iraq and "its political subdivisions, agencies or instrumentalities (including State-owned entities and other commercially beneficially owned by the Republic). . . ."  which encompasses separate juridical persons that are not parties to or liable for the judgment entered by the U.S. District Court for the Southern District of New York in favor of SerVaas and against Iraq. SerVaas, therefore, improperly seeks post-judgment discovery of information from non-parties to the underlying litigation and judgment and that are separate and independent foreign juridical entities from Defendants.

**Interrogatory No. 2:**

Identify all Property of the Ministry that is located within the Territorial Jurisdiction of the United States. For all Property identified, identify the person(s) within the Territorial Jurisdiction of the United States with custody and/or control of such Property as well as the person with the most knowledge regarding the location of that Property. For all Property so identified, describe whether it is or has been the subject of a Commercial Transaction, and the nature of the Commercial Transaction.

**Defendants' Response Interrogatory No. 2:**

Defendants object to this Interrogatory as it is overly broad, unduly burdensome, not reasonably calculated to elicit discoverable information, and to the extent that it requests information that abridges Defendants' sovereign immunity pursuant to the FSIA.  Defendants further object on the grounds that SerVaas' definition of "Property of the Ministry" includes all tangible property "in which the Ministry and/or its agencies or instrumentalities holds or possess any right or interest. . . ."  SerVaas, therefore, improperly seeks post-judgment discovery of information from

non-parties to the underlying litigation and judgment and that are separate and independent foreign juridical entities from Defendants.

**Interrogatory No. 3:**

Identify the person(s) with the most knowledge of the Property of the Ministry of Trade of the Republic of Iraq (and/or its political subdivisions, agencies and/or instrumentalities, or State-owned entities) located within the Territorial Jurisdiction of the United States.

**Defendants' Response to Interrogatory No. 3:**

Defendants object to this Interrogatory as it is overly broad, unduly burdensome, not reasonably calculated to elicit discoverable information, and to the extent that it requests information that abridges Defendants' sovereign immunity pursuant to the FSIA.  Defendants further object on the grounds that SerVaas seeks information from Ministry of Trade of the Republic of Iraq, neither a party to the underling litigation or the judgment, as well as against Ministry of Trade's "political subdivisions, agencies and/or instrumentalities, or State-owned entities. . . ."  SerVaas, therefore, improperly seeks post-judgment discovery of information from non-parties to the underlying litigation and judgment and that are separate and independent foreign juridical entities from Defendants.

**Interrogatory No. 4:**

Identify the person(s) with the most knowledge of the Property of the Iraqi National Oil Company located within the Territorial Jurisdiction of the United States.

**Defendants' Response to Interrogatory No. 4:**

Defendants object to this Interrogatory as it is overly broad, unduly burdensome, not reasonably calculated to elicit discoverable information, and to the extent that it requests information that abridges Defendants' sovereign immunity pursuant to the FSIA.  Defendants further object on the grounds that SerVaas seeks information from the Iraqi National Oil Company, neither a party to the underling litigation or the judgment.  SerVaas, therefore, improperly seeks post-judgment discovery of information from non-parties to the underlying litigation and judgment and that are separate and independent foreign juridical entities from Defendants.  Defendants further object that the Interrogatory assumes facts not in evidence in that the Iraqi National Oil Company is known to have ceased to exist in approximately 1988.

**Interrogatory No. 5:**

Identify all persons or entities within the Territorial Jurisdiction of the United States with whom/which the Republic (and/or its political subdivisions, agencies and instrumentalities) has engaged in one or more Commercial Transactions.

**Defendants' Response to Interrogatory No. 5:**

Defendants object to this Interrogatory as it is overly broad, unduly burdensome, not reasonably calculated to elicit discoverable information, and to the extent that it requests information that abridges Defendants' sovereign immunity pursuant to the FSIA.  Defendants further object on the grounds that SerVaas seeks information from the "political subdivisions, agencies and instrumentalities" of Republic of Iraq.  SerVaas, therefore, improperly seeks post-judgment discovery of information from non-parties to the underlying litigation and judgment and that are separate and independent foreign juridical entities from Defendants.

**Interrogatory No. 6:**

Identify all persons or entities within the Territorial Jurisdiction of the United States with whom/which the Ministry (and/or its agencies and instrumentalities) has engaged in one or more Commercial Transactions.

**Defendants' Response to Interrogatory No. 6:**

Defendants object to this Interrogatory as it is overly broad, unduly burdensome, not reasonably calculated to elicit discoverable information, and to the extent that it requests information that abridges Defendants' sovereign immunity pursuant to the FSIA.  Defendants further object on the grounds that SerVaas seeks information from the "political subdivisions, agencies and instrumentalities" of Ministry.  SerVaas, therefore, improperly seeks post-judgment discovery of information from non-parties to the underlying litigation and judgment and that are separate and independent foreign juridical entities from Defendants.

**Interrogatory No. 7:**

Identify all bank and brokerage accounts held at institutions located within the Territorial Jurisdiction of the United States in which Property of the Republic (and/or its political subdivisions, agencies and instrumentalities) or Ministry is kept or held (directly, indirectly, in custody or in trust), along with the balances of those accounts, the names of the account holders, and the custodians of those accounts.

**Defendants' Response Interrogatory No. 7:**

Defendants object to this Interrogatory as it is overly broad, unduly burdensome, not reasonably calculated to elicit discoverable information, and to the extent that it requests information that abridges Defendants' sovereign immunity pursuant to the FSIA.  Defendants further object on the grounds that SerVaas seeks information from Republic of Iraq and "its political subdivisions, agencies and instrumentalities[,]" which are not parties to the underling litigation or the judgment.  SerVaas, therefore, improperly seeks post-judgment discovery of information from non-parties to the underlying litigation and judgment and that are separate and independent foreign juridical entities from Defendants.

**Interrogatory No. 8:**

Identify all letters of credit held or issued by institutions located within the Territorial Jurisdiction of the United States for the benefit or on behalf of the Republic (and/or its political subdivisions, agencies and instrumentalities) or Ministry, along with the balances of those accounts, the names of the account holders, persons with signatory authority, and the custodians of those accounts.

**Defendants' Response to Interrogatory No. 8:**

Defendants object to this Interrogatory as it is overly broad, unduly burdensome, not reasonably calculated to elicit discoverable information, and to the extent that it requests information that abridges Defendants' sovereign immunity pursuant to the FSIA.  Defendants further object on the grounds that SerVaas seeks information from Republic of Iraq and "its political subdivisions, agencies and instrumentalities[,]" which are not parties to the underling litigation or the judgment.  SerVaas, therefore, improperly seeks post-judgment discovery of information from non-parties to the underlying litigation and judgment and that are separate and independent foreign juridical entities from Defendants.

Date:   8 June 2012                                 Respectfully submitted,

       **MAGGS & McDERMOTT LLC**

       By      /s/_*Timothy B. Mills*___          By____ /s/_*Tennant D. Magee, Sr.*
       Timothy B. Mills (TM-8693)          Tennant D. Magee, Rs. (TM-5871)
       910 17th Street N.W., Suite 800      800 Old Bridge Road
       Washington, D.C. 20006               Brielle, New Jersey 08730
       Tel: (202) 457-8090                  Tel: (732) 223-9870
       Fax: (202) 478-5081                  Fax: (732) 223-7367

       *Counsel for Defendants Republic of Iraq and Ministry of Industry of the Republic of Iraq*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 8th day of June 2012, I electronically transmitted the attached

document:

     DEFENDANTS REPUBLIC OF IRAQ AND
     MINISTRY OF INDUSTRY OF THE REPUBLIC OF IRAQ RESPONSE TO
     PLAINTIFF'S FIRST SET OF INTERROGATORIES

to counsel for Plaintiff, by email addressed to:

        John A. Piskora (JAP-1224)
        Loeb & Loeb
        345 Park Avenue
        New York, NY 10154
        212-407-4000
        Email: jpiskora@loeb.com

            <u>/s/ Timothy B. Mills</u>

**<u>EXHIBIT 2</u>**

**<u>Defendant's Responses to SerVaas Request for Production of Documents</u>**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————X
                                        :
SERVAAS INCORPORATED,
                                        :
            Plaintiff,
                                        :        Case No. 09 CV 1862 (RMB)
      v.
                                        :
REPUBLIC OF IRAQ and
MINISTRY OF INDUSTRY OF THE             :
REPUBLIC OF IRAQ,
                                        :
            Defendants.
———————————————————X

---

## DEFENDANTS REPUBLIC OF IRAQ AND
## MINISTRY OF INDUSTRY OF THE REPUBLIC OF IRAQ RESPONSE TO
## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

---

Pursuant to Rules 26, 34 and 69 of the Federal Rules of Civil Procedure and the Local Rules for the Southern District of New York, Defendants Republic of Iraq ("Iraq") and Ministry of Industry of the Republic of Iraq ("Ministry") submit the following objections and responses to Plaintiff's First Request for Production of Documents.

## NOTICE OF NON-WAIVER OF ANY SOVEREIGN IMMUNITY, INCLUDING ANY FOREIGN SOVEREIGN ATTACHMENT IMMUNITY THAT ANY DEFENDANT MAY POSSESS OR ENJOY UNDER ANY APPLICABLE LAW

Each Defendant expressly reserves and does not waive any sovereign immunity, including any foreign sovereign attachment immunity, that any Defendant may possess or enjoy under any applicable law, including but not limited to the Foreign Sovereign Immunities Act, 28 U.S.C. 1601 et seq.  Accordingly, each Defendant's response to Plaintiff's First Set of

Interrogatories shall not be construed or given any effect of any waiver whatsoever of sovereign immunity.

## RESPONSES TO REQUESTS FOR PRODUCTION

**Document Request No. 1:**

All documents used, relied upon, or referred to by Defendants in responding to Plaintiff s First Set of Interrogatories.

**Response to Document Request No. 1:**

Defendants object to this Document Request as it is overly broad, unduly burdensome, not reasonably calculated to elicit discoverable information, and to the extent that it requests information that abridges Defendants' sovereign immunity pursuant to the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1608, *et seq.* Defendants further object to this Request on the grounds that SerVaas, within its Interrogatories, requests information from political subdivisions, agencies, instrumentalities, State-owned enterprises and other commercially beneficial entities that are not parties to the underlying litigation or the judgment. SerVaas, therefore, improperly seeks post-judgment discovery of information from non-parties to the underlying litigation and judgment and that are separate and independent foreign juridical entities from Republic of Iraq.

**Document Request No. 2:**

All documents disclosing Property of the Republic that is within the Territorial Jurisdiction of the United States.

**Response to Document Request No. 2:**

Defendants object to this Document Request as it is overly broad, unduly burdensome, not reasonably calculated to elicit discoverable information, and to the extent that it requests information that abridges Defendants' sovereign immunity pursuant to the FSIA. Defendants further object on the grounds that SerVaas' definition of "Property of the Republic of Iraq" includes all tangible property or intangible property owned by Republic of Iraq and "its political subdivisions, agencies or instrumentalities (including State-owned entities and other commercially beneficially owned by the Republic). . . ." SerVaas, therefore, improperly seeks post-judgment discovery of information from non-parties to the underlying litigation and judgment and that are separate and independent foreign juridical entities from Defendants.

**Document Request No. 3:**

All documents disclosing Property of the Ministry that is within the Territorial Jurisdiction of the United States.

**Response to Document Request No. 3:**

Defendants object to this Document Request as it is overly broad, unduly burdensome, not reasonably calculated to elicit discoverable information, and to the extent that it requests information that abridges Defendants' sovereign immunity pursuant to the FSIA.  Defendants further object on the grounds that SerVaas' definition of "Property of the Ministry" includes all tangible property "in which the Ministry and/or its agencies or instrumentalities holds or possess any right or interest. . . ."  SerVaas, therefore, improperly seeks post-judgment discovery of information from non-parties to the underlying litigation and judgment and that are separate and independent foreign juridical entities from Defendants.

**Document Request No. 4:**

For the period from January 2005 to the present, all documents evidencing or disclosing how the Republic came to possess any Property that is within the Territorial Jurisdiction of the United States.

**Response to Document Request No. 4:**

Defendants object to this Document Request as it is overly broad, unduly burdensome, not reasonably calculated to elicit discoverable information, and to the extent that it requests information that abridges Defendants' sovereign immunity pursuant to the FSIA.  Defendants further objects on the grounds that SerVaas' definition of "Property of the Republic of Iraq" includes all tangible property or intangible property owned by Republic of Iraq and "its political subdivisions, agencies or instrumentalities (including State-owned entities and other commercially beneficially owned by the Republic). . . ."  SerVaas, therefore, improperly seeks post-judgment discovery of information from non-parties to the underlying litigation and judgment and that are separate and independent foreign juridical entities from Defendants.

**Document Request No. 5:**

For the period from January 2005 to the present, all documents evidencing or disclosing how the Ministry came to possess any Property that is within the Territorial Jurisdiction of the United States.

**Response to Document Request No. 5:**

Defendants object to this Document Request as it is overly broad, unduly burdensome, not reasonably calculated to elicit discoverable information, and to the extent that it requests information that abridges Defendants' sovereign immunity pursuant to the FSIA.  Defendants further object on the grounds that SerVaas' definition of "Property of the Ministry" includes all tangible property "in which the Ministry and/or its agencies or instrumentalities holds or possess any right or interest. . . ."  SerVaas, therefore, improperly seeks post-judgment discovery of information from non-parties to the underlying litigation and judgment and that are separate and independent foreign juridical entities from Defendants.

**Document Request No. 6:**

All documents evidencing or disclosing bank accounts, brokerage accounts, trust accounts, and/or other financial institution accounts, no matter where located, in which Property of the Republic or Ministry is or was kept, if the banking or other fmancial institution has a branch, subsidiary or affiliate within the Territorial Jurisdiction of the United States, together with all documents evidencing the current balance or assets of those accounts and the names of the current account holders or custodians of those accounts.

**Response to Document Request No. 6:**

Defendants object to this Document Request as it is overly broad, unduly burdensome, not reasonably calculated to elicit discoverable information, and to the extent that it requests information that abridges Defendants' sovereign immunity pursuant to the FSIA.  Defendants further object to this Request on the grounds that SerVaas' definition of "Property of the Republic of Iraq" includes all tangible property or intangible property owned by Republic of Iraq and "its political subdivisions, agencies or instrumentalities (including State-owned entities and other commercially beneficially owned by the Republic). . . ."  Defendants further object on the grounds that SerVaas' definition of "Property of the Ministry" includes all tangible property "in which the Ministry and/or its agencies or instrumentalities holds or possess any right or interest. . . ."  SerVaas, therefore, improperly seeks post-judgment discovery of information from non-parties to the underlying litigation and judgment and that are separate and independent foreign juridical entities from Defendants.  Defendants further object on the grounds that SerVaas seeks documents relating to property that is not in the territorial jurisdiction of the United States.

**Document Request No. 7:**

All documents evidencing or disclosing any Commercial Transactions involving in any way Property of the Republic or the Ministry that was or is within the Territorial Jurisdiction of the United States.

**Response to Document Request No. 7:**

Defendants object to this Document Request as it is overly broad, unduly burdensome, not reasonably calculated to elicit discoverable information, and to the extent that it requests information that abridges Defendants' sovereign immunity pursuant to the FSIA.  Defendants further object to this Request on the grounds that SerVaas' definition of "Property of the Republic of Iraq" includes all tangible property or intangible property owned by Republic of Iraq and "its political subdivisions, agencies or instrumentalities (including State-owned entities and other commercially beneficially owned by the Republic). . . ."  Defendants further object on the grounds that SerVaas' definition of "Property of the Ministry" includes all tangible property "in which the Ministry and/or its agencies or instrumentalities holds or possess any right or interest. . . ."  SerVaas, therefore, improperly seeks post-judgment discovery of information from non-parties to the underlying litigation and judgment and that are separate and independent foreign juridical entities from Defendants.  Defendants further object on the grounds that SerVaas seeks documents relating to property that is not in the territorial jurisdiction of the United States.

-4-

**Document Request No. 8:**

All documents of title, right, and the like, that provide evidence of any ownership interest or property right that the Republic or Ministry has in Property located within the Territorial Jurisdiction of the United States.

**Response to Document Request No. 8:**

Defendants object to this Document Request as it is overly broad, unduly burdensome, not reasonably calculated to elicit discoverable information, and to the extent that it requests information that abridges Defendants' sovereign immunity pursuant to the FSIA.  Defendants further object to this Request on the grounds that SerVaas' definition of "Property of the Republic of Iraq" includes all tangible property or intangible property owned by Republic of Iraq and "its political subdivisions, agencies or instrumentalities (including State-owned entities and other commercially beneficially owned by the Republic). . . ."  Defendants further object on the grounds that SerVaas' definition of "Property of the Ministry" includes all tangible property "in which the Ministry and/or its agencies or instrumentalities holds or possess any right or interest. . . ."  SerVaas, therefore, improperly seeks post-judgment discovery of information from non-parties to the underlying litigation and judgment and that are separate and independent foreign juridical entities from Defendants.

**Document Request No. 9:**

All documents evidencing or disclosing any export of Property from the Republic or Ministry to the Territorial Jurisdiction of the United States.

**Response to Document Request No. 9:**

Defendants object to this Document Request as it is overly broad, unduly burdensome, not reasonably calculated to elicit discoverable information, and to the extent that it requests information that abridges Defendants' sovereign immunity pursuant to the FSIA.  Defendants further object to this Request on the grounds that SerVaas' definition of "Property of the Republic of Iraq" includes all tangible property or intangible property owned by Republic of Iraq and "its political subdivisions, agencies or instrumentalities (including State-owned entities and other commercially beneficially owned by the Republic). . . ."  Defendants further object on the grounds that SerVaas' definition of "Property of the Ministry" includes all tangible property "in which the Ministry and/or its agencies or instrumentalities holds or possess any right or interest. . . ."  SerVaas, therefore, improperly seeks post-judgment discovery of information from non-parties to the underlying litigation and judgment and that are separate and independent foreign juridical entities from Defendants.

**Document Request No. 10:**

All documents evidencing or disclosing any import of Property from the Territorial Jurisdiction of the United States to the Republic or Ministry.

**Response to Document Request No. 10:**

Defendants object to this Document Request as it is overly broad, unduly burdensome, not reasonably calculated to elicit discoverable information, and to the extent that it requests information that abridges Defendants' sovereign immunity pursuant to the FSIA.  Defendants further object to this Request on the grounds that SerVaas' definition of "Property of the Republic of Iraq" includes all tangible property or intangible property owned by Republic of Iraq and "its political subdivisions, agencies or instrumentalities (including State-owned entities and other commercially beneficially owned by the Republic). . . ."  Defendants further object on the grounds that SerVaas' definition of "Property of the Ministry" includes all tangible property "in which the Ministry and/or its agencies or instrumentalities holds or possess any right or interest. . . ."  SerVaas, therefore, improperly seeks post-judgment discovery of information from non-parties to the underlying litigation and judgment and that are separate and independent foreign juridical entities from Defendants.

**Document Request No. 11:**

All documents pertaining to Commercial Transactions involving the import to or export from the Territorial Jurisdiction of the United States, including all letters of credit, title documents and/or customs documents.

**Response to Document Request No. 11:**

Defendants object to this Document Request as it is overly broad, unduly burdensome, not reasonably calculated to elicit discoverable information, and to the extent that it requests information that abridges Defendants' sovereign immunity pursuant to the FSIA.  Defendants further object to this Request on the grounds that SerVaas' definition of "Property of the Republic of Iraq" includes all tangible property or intangible property owned by Republic of Iraq and "its political subdivisions, agencies or instrumentalities (including State-owned entities and other commercially beneficially owned by the Republic). . . ."  Defendants further object on the grounds that SerVaas' definition of "Property of the Ministry" includes all tangible property "in which the Ministry and/or its agencies or instrumentalities holds or possess any right or interest. . . ."  SerVaas, therefore, improperly seeks post-judgment discovery of information from non-parties to the underlying litigation and judgment and that are separate and independent foreign juridical entities from Defendants.

**Document Request No. 12:**

All documents concerning Commercial Transactions involving any Property of the Republic or Ministry within the Territorial Jurisdiction of the United States (regardless of where the sale, purchase, lease or exchange actually took place).

**Response to Document Request No. 12:**

Defendants object to this Document Request as it is overly broad, unduly burdensome, not reasonably calculated to elicit discoverable information, and to the extent that it requests information that abridges Defendants' sovereign immunity pursuant to the FSIA.  Defendants

further object to this Request on the grounds that SerVaas' definition of "Property of the Republic of Iraq" includes all tangible property or intangible property owned by Republic of Iraq and "its political subdivisions, agencies or instrumentalities (including State-owned entities and other commercially beneficially owned by the Republic). . . ."  Defendants further object on the grounds that SerVaas' definition of "Property of the Ministry" includes all tangible property "in which the Ministry and/or its agencies or instrumentalities holds or possess any right or interest. . . ."  SerVaas, therefore, improperly seeks post-judgment discovery of information from non-parties to the underlying litigation and judgment and that are separate and independent foreign juridical entities from Defendants.

**Document Request No. 13:**

Documents sufficient to identify all persons or entities within the Territorial Jurisdiction of the United States with which the Republic or Ministry have engaged in any Commercial Transaction( s).

**Response to Document Request No. 13:**

Defendants object to this Document Request as it is overly broad, unduly burdensome, not reasonably calculated to elicit discoverable information, and to the extent that it requests information that abridges Defendants' sovereign immunity pursuant to the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1608, *et seq.*

**Document Request No. 14:**

All documents that establish, disclose or describe the formation of the Ministry, as well as all of its State Owned Enterprises or other agencies and/or instrumentalities.

**Response to Document Request No. 14:**

Defendants object to this Document Request as it is overly broad, unduly burdensome, not reasonably calculated to elicit discoverable information, and to the extent that it requests information that abridges Defendants' sovereign immunity pursuant to the FSIA.  Defendants further object to this Request on the grounds that SerVaas seeks information relating to Ministry of Industry's "State Owned Enterprises or other agencies and/or instrumentalities."   Defendants further object on the grounds that SerVaas' definition of "Property of the Ministry" SerVaas, therefore, improperly seeks post-judgment discovery of information from non-parties to the underlying litigation and judgment and that are separate and independent foreign juridical entities from Defendants.  Defendants further object on the grounds that SerVaas seeks documents relating to property that is not in the territorial jurisdiction of the United States.

**Document Request No. 15:**

All documents that establish, disclose or describe the formation of the Ministry of Trade of the Republic of Iraq, as well as all of its State Owned Enterprises, or other agencies and/or instrumentalities.

**Response to Document Request No. 15:**

Defendants object to this Document Request as it is overly broad, unduly burdensome, not reasonably calculated to elicit discoverable information, and to the extent that it requests information that abridges Defendants' sovereign immunity pursuant to the FSIA.  Defendants further object on the grounds that SerVaas seeks documents relating to property that is not in the territorial jurisdiction of the United States.

### Document Request No. 16:

All documents disclosing the financial activity of the Ministry, including but not limited to all budget documents, balance sheets, income statements, and asset listings.

### Response to Document Request No. 16:

Defendants object to this Document Request as it is overly broad, unduly burdensome, not reasonably calculated to elicit discoverable information, and to the extent that it requests information that abridges Defendants' sovereign immunity pursuant to the FSIA.  Defendants further object on the grounds that SerVaas seeks documents relating to property that is not in the territorial jurisdiction of the United States.

### Document Request No. 17:

Documents sufficient to identify the source of the Ministry's operating funds.

### Response to Document Request No. 17:

Defendants object to this Document Request as it is overly broad, unduly burdensome, not reasonably calculated to elicit discoverable information, and to the extent that it requests information that abridges Defendants' sovereign immunity pursuant to the FSIA.  Defendants further object on the grounds that SerVaas seeks documents relating to property that is not in the territorial jurisdiction of the United States.

### Document Request No. 18:

Documents sufficient to identify the source of operating funds of the Ministry of Trade of the Republic of Iraq.

### Response to Document Request No. 18:

Defendants object to this Document Request as it is overly broad, unduly burdensome, not reasonably calculated to elicit discoverable information, and to the extent that it requests information that abridges Defendants' sovereign immunity pursuant to the FSIA.  Defendants further object on the grounds that SerVaas seeks documents relating to property that is not in the territorial jurisdiction of the United States.  Defendants further object on the grounds that SerVaas seeks information from Ministry of Trade of the Republic of Iraq, neither a party to the underling litigation or the judgment, as well as against Ministry of Trade's "political subdivisions, agencies and/or instrumentalities, or State-owned entities. . . ."  SerVaas, therefore,

improperly seeks post-judgment discovery of information from non-parties to the underlying litigation and judgment and that are separate and independent foreign juridical entities from Defendants.

**Document Request No. 19:**

All documents concerning or disclosing any Commercial Transaction of the Republic or Ministry concerning Property within the Territorial Jurisdiction of the United States that is or remains executory in nature and/or which has not yet been completed or satisfied.

**Response to Document Request No. 19:**

Defendants object to this Document Request as it is overly broad, unduly burdensome, not reasonably calculated to elicit discoverable information, and to the extent that it requests information that abridges Defendants' sovereign immunity pursuant to the FSIA.  Defendants further object on the grounds that SerVaas' definition of "Property of the Republic of Iraq" includes all tangible property or intangible property owned by Republic of Iraq and "its political subdivisions, agencies or instrumentalities (including State-owned entities and other commercially beneficially owned by the Republic). . . ."  Defendants further object on the grounds that SerVaas' definition of "Property of the Ministry" includes all tangible property "in which the Ministry and/or its agencies or instrumentalities holds or possess any right or interest. . . ."  SerVaas, therefore, improperly seeks post-judgment discovery of information from non-parties to the underlying litigation and judgment and that are separate and independent foreign juridical entities from Defendants.

Date:   8 June 2012                                Respectfully submitted,

**MAGGS & McDERMOTT LLC**

By       /s/ *Timothy B. Mills*          By       /s/ *Tennant D. Magee, Sr.*
Timothy B. Mills (TM-8693)           Tennant D. Magee, Rs. (TM-5871)
910 17th Street N.W., Suite 800      800 Old Bridge Road
Washington, D.C. 20006               Brielle, New Jersey 08730
Tel: (202) 457-8090                  Tel: (732) 223-9870
Fax: (202) 478-5081                  Fax: (732) 223-7367

*Counsel for Defendants Republic of Iraq and Ministry of Industry of the Republic of Iraq*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 8th day of June 2012, I electronically transmitted the attached

document:

      DEFENDANTS REPUBLIC OF IRAQ AND
      MINISTRY OF INDUSTRY OF THE REPUBLIC OF IRAQ RESPONSE TO
      PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

to counsel for Plaintiff, by email addressed to:

            John A. Piskora (JAP-1224)
            Loeb & Loeb
            345 Park Avenue
            New York, NY 10154
            212-407-4000
            Email: jpiskora@loeb.com

               <u>/s/ Timothy B. Mills</u>