**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **SERVAAS INCORPORATED,** | ) | |
| | ) | |
| Plaintiff, | ) | **Case No. 09 CV 1862 (RMB)** |
| | ) | |
| v. | ) | |
| | ) | |
| **REPUBLIC OF IRAQ and** | ) | |
| **MINISTRY OF INDUSTRY OF THE** | ) | |
| **REPUBLIC OF IRAQ,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

___

**DEFENDANTS' REPLY IN SUPPORT OF**
**DEFENDANTS' MOTION FOR A PROTECTIVE ORDER**
___

**MAGGS & McDERMOTT LLC**

Timothy B. Mills (TM-8693)
910 17th Street, N.W., Suite 800
Washington, DC 20006
Telephone: (202) 457-8090
Email: TimothyBMills@aol.com
*Lead Counsel for Defendants*

Tennant D. Magee, Sr. (TM-5871)
800 Old Bridge Road
Brielle, New Jersey
Telephone: (732) 223-9870
Email: tdmagee@yahoo.com
*Co-Counsel for Defendants*

Dated: 25 July 2012

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..................................................................................................iii

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT …………………………………………………………………………….3

I.   SERVAAS' ARGUMENTS ARE ERRONEOUS ……………………………………….3

    A.   SerVaas Misinterprets Rule 69 and Fails to Recognize Rule 69 Discovery
     In this Case Is Subject to the FSIA…………………………………………………..3

    B.   Defendants Are Entitled to Protection under Second Circuit
     Jurisprudence …………………………………………………………………………..4

    C.   SerVaas' Erroneously Claims that SerVaas' Rule 69 Discovery Requests
     Are Proper ……...………………………………………………………………………6

II.  DEFENDANTS WAIVED NO OBJECTIONS; THE MOTION IS
     TIMELY …………………………………………………………………………………7

    A.   Neither Defendant Waived Any Objections ……………………………………...8

    B.   Defendants' Motion for a Protective Order Is Timely...…………………………..9

CONCLUSION  ....................................................................................................................10

EXHIBITS

1.   Compendium of Iraqi Laws and Regulations Referenced and Discussed in the Sworn
     Declaration of Director General Hanan Nassef [79-3]

2.   Transcript of Pre-Motion Conference Proceedings before the Court on 10 May 2012

# **TABLE OF AUTHORITIES**

## **Cases**

**Page**

*Aetna Life Ins. Co. v. Licht*, 2005 WL 180873
　(S.D.N.Y. Jan. 27, 2005) ……………………………………………………..………… 8

*Aurelius Capital Partners, LP. v. Republic of Argentina*, 584 F.3d 120
　(2d Cir. 2009) ……………………………………………………………………………7

*Capital Ventures Intern. v. Republic of Argentina*, 552 F.3d 289
　(2d Cir. 2009) ……………………………………………………………………………9

*Carr v. Queens-Long Island Med. Group, P.C.*, 2003 WL 169793
　(S.D.N.Y. Jan. 24, 2003) ………………………………………………………………...8

*EM Ltd. v. Republic of Argentina*, 473 F.3d 463 (2d. Cir.), *cert. denied*,
　592 U.S. 818 (2007) …………………………………………………………………..4, 5

*FG Hemisphere Assocs., LLC v. Democratic Republic of Congo*, 637
　F.3d 373 (D.C. Cir. 2011) ……………………………………………………………….4

*First City, Texas-Houston, N.A. v. Rafidain Bank*, 150 F.3d 172,
　176 (2d Cir. 1998) ………………………………………………………………….4, 5, 6

*First City, Texas Houston, N.A. v. Rafidain Bank*, 281 F.3d 48
　(2d Cir. 2002) …………………………………………………………………………4, 5

*First Nat'l City Bank v. Banco Para El Comercio Exterior de Cuba*,
　462 U.S. 61 (1983) ……………………………………………………………………….6

*Jacoby v. Hartford Life and Accident Ins. Co.*, 254 F.R.D. 477
　(S.D.N.Y. 2009) ………………………………………………………………………….8

*Jobe O. v. Pataki*, 2007 WL 844707 (S.D.N.Y. March 15, 2007) ………………………………10

*Kamps v. Fried, Frank, Harris, Shriver & Jacobsen, LLP*, 2010 WL
   5158183 (S.D.N.Y. Dec. 9, 2010) ……………………………………………….......9, 10

*Keane v. Zitomer Pharm., Inc.*, 2007 WL 2682848
   (S.D.N.Y. Sept. 11, 2007) ……………………………………………………………......8

*King Harvest Dev. Ltd. v. Li*, 2011 WL 2652184
   (S.D.N.Y. June 28, 2011) …………………………………………………………….…..9

*NML Capital, Ltd. v. Banco Central De La Republica Argentina*, 652
   F.3d 172 (2d Cir. 2011) …………………………………………………………………….9

*Olympic Chartering, S.A. v. Ministry of Industry and Trade of Jordan*,
   134 F.Supp.2d 528 (S.D.N.Y. 2001) …………………………………...……….4, 5, 6, *passim*

*Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468
   (9th Cir. 1992) ……………………………………………………….…………………..7

*Rubin v. The Islamic Republic of Iran*, 637 F.3d 783 (7th Cir. 2011),
   *cert. denied*,  ___ S.Ct. ___, 2012 WL 2368717 (Jan. 25, 2012) ………....……….2, 3, 4, *passim*

*Thai Lao Lignite (Thailand) Co., Ltd. v. Gov't of the Lao People's
   Democratic Republic*, 2011 WL 4111504 (S.D.N.Y. Sept. 13, 2011) …………....………..3, 4, 5

*U.S. v. I.B.M. Corp.*, 79 F.R.D. 412 (S.D.N.Y. 1978) ……………………………………………9

*Walters v. Industrial and Commercial Bank of China, Ltd.*, 651 F.3d
   280 (2d Cir. 2011) ……………………………………………………………….....3, 4, 5, *passim*

*Walters v. People's Republic of China*, 672 F.Supp.2d 573
   (S.D.N.Y. 2009) ……………………………………………………………………….......7

## **Statutes**

28 U.S.C. §1609 …………………………………………………………………….......1, 6

28 U.S.C. §1610 …………………………………………………………………….1, 2, 4, *passim*

28 U.S.C. § 1611 …………………………………………………………………………….1

**Rules**

Fed. R. Civ. P. 69 ……..……………………………………………………………1, 2, 3, *passim*

**Miscellaneous**

H.R. Rep. No. 94-1487, at 28 (1976) …………………………………………………………..2, 3

Restatement (Third) of the Foreign Relations Law of the U.S. § 460 ……………………………7

**PRELIMINARY STATEMENT**

Plaintiff SerVaas Incorporated's ("SerVaas") opposition makes three fundamental errors in attempting to justify its attempt to seek overreaching and otherwise improper Rule 69 post-judgment, general-asset discovery from defendant judgment debtors Republic of Iraq and Ministry of Industry ("Ministry") (collectively "Defendants").

First, SerVaas erroneously contends its broad, general-asset, post-judgment discovery does not implicate any discovery immunity provided by the FSIA, as recognized and given effect by both Second Circuit and Seventh Circuit[1] precedent.  Fundamentally, SerVaas fails to understand the distinctions between Sections 1610(a) and (b) of the FSIA and fails to refute or even address Defendants' reliance upon Second Circuit precedent or the Second Circuit's citation of Seventh Circuit precedent with approval.  Additionally, SerVaas seeks Rule 69 discovery: (1) as to property and assets within the United States that are immune from attachment under Sections 1609-1611 of the Foreign Sovereign Immunities Act ("FSIA") (including also 28 U.S.C. § 1610(a)(4)(B), diplomatic property and 28 U.S.C. §1611(b)(1)-(2), central bank property held for its own account, property is or intended to be, used in connection with a military activity)

Second, SerVaas ignores that none of the 34 separate Ministries and 192 State-Owned Enterprises: (a) each of whom is a separate legal person from the two judgment debtors, (b) each of whom is *not* a judgment debtor, and, therefore, not subject to Rule 69 discovery in aid of

---

[1]  As to the Seventh Circuit precedent that SerVaas dismissively requests this Court to ignore, it is of significant note that the U.S. Supreme Court denied *certiorari* today, June 25, 2012, in *Rubin v. The Islamic Republic of Iran*, 637 F.3d 783 (7th Cir. 2011),  ___ S.Ct. ___, 2012 WL 2368717 (Jan. 25, 2012).  Accordingly, that decision by the Seventh Circuit must and does carry great weight as precedent upon the Second Circuit.  It is beyond cavil that SerVaas' discovery requests must be denied under any analysis of *Rubin*.

enforcement; (c) each of whom has its own separate assets that do *not* belong to either judgment debtor; (d) each of whom is not alleged to be the alter ego of either judgment debtors; and (d) each of whom is not under the control of either judgment debtor, within the meaning of "control" as used in the context of the discovery rules of the Federal Rules of Civil Procedure ("Rules" or "Rule").[2]

SerVaas would have it that on SerVaas' say-so alone (and without litigating any allegations of alter ego), each such entity is converted into either Ministry or into the Iraqi State, and thereby made liable for the judgment. Such is not the law. Accordingly, discovery directed at the activities and assets of those entities is prohibited under the FSIA.

Third, despite SerVaas' arguments, neither defendant judgment debtor has waived any FSIA immunities or objections under the Rules. The case law unequivocally establishes that immunities under the FSIA in this context are presumptive and must be applied by this Court regardless of whether there is even an appearance by the foreign sovereign. And, fatally absent from SerVaas' opposition is any refutation by SerVaas of the facts relating to the good faith conferring process the parties were engaging in at the time SerVaas filed its pre-motion conference letter or its consent to Defendants' filing of a cross motion for protective order.

---

[2] Defendants' Memorandum of Law In Support of Motion for Protective Order [79] provided notice in accordance with Rule 44.1 to SerVaas and the Court that SerVaas' discovery requests and the protective order motion implicate questions of Iraqi law. In particular, Exhibit 3 to Defendants' Memorandum of Law (Declaration of Hanan Nassef (hereinafter, "Nassef Declaration")) [79-1] evidenced by reference to particular Iraqi statutes and regulations with the force and effect of Iraqi law that the 34 separate major Iraqi Ministries and the 192 State-Owned Enterprises are separate legal persons and are *not* under the control of either judgment debtor. Defendants provide a compendium of those statutes and regulations discussed in the Nassef Declaration, as published (in Arabic) in the law books of Iraq, accompanied by an English translation. Defendants request the Court to take judicial notice of such provisions of Iraqi law. (*See* Exhibit 1 to this Reply).

**ARGUMENT**

I.  **SERVAAS' ARGUMENTS ARE ERRONEOUS**

A.  **SerVaas Misinterprets Rule 69 And Fails that Rule 69 Discovery in this Case is Subject to The FSIA**

Post-judgment discovery of assets is an execution device subject to the FSIA, as evident from the Rules and legislative history of the FSIA. *See* Fed. R. Civ. P. 69(a)(1) & (2) (post-judgment discovery is a tool used in aid of execution); H.R. Rep. No. 94-1487, at 28 (1976), reprinted in 1976 U.S.C.C.A.N. 6604, 6627 ("The term 'attachment in aid of execution' [in § 1610(a)] is intended to include attachments, garnishments, and supplemental proceedings available under applicable Federal or State law to obtain satisfaction of a judgment."). Indeed, Rule 69 provides that "[t]he procedure . . . in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1). One such "proceeding" is post-judgment asset "discovery." Fed. R. Civ. P. 69(a)(1) & (2). Discovery in aid of execution against a foreign state, like other execution-related proceedings against a foreign state under Rule 69, is, therefore, circumscribed by the FSIA.

The legislative history of the FSIA supports that conclusion. There is no asset discovery in aid of execution "carve out" from the statutory limitations on Rule 69. *See* H.R. Rep. No. 94-1487, at 28. There is also no suggestion that one part of Rule 69 – discovery in aid of execution – is exempt from these limitations. That interpretation of the legislative history is also supported by *Rubin v. The Islamic Republic of Iran*, 637 F.3d 783 (7th Cir. 2011), *cert. denied*, ___ S.Ct. ___, 2012 WL 2368717 (Jan. 25, 2012) (cited with approval in *Walters v. Industrial and Commercial Bank of China, Ltd.*, 651 F.3d 280, 289-95 (2d Cir. 2011), and *Thai Lao Lignite*

*(Thailand) Co., Ltd. v. Gov't of the Lao People's Democratic Republic*, 2011 WL 4111504 at *3, 5-6 (S.D.N.Y. Sept. 13, 2011)).

SerVaas reliance upon *FG Hemisphere Assocs., LLC v. Democratic Republic of Congo*, 637 F.3d 373 (D.C. Cir. 2011), for its argument to the contrary misses the mark.  In *FG Hemisphere*, the D.C. Circuit declined to address any argument relating to the FSIA.  *Id.* at 379.

**B.**     **Defendants Are Entitled to Protection under Second Circuit Jurisprudence**

SerVaas' claim that Defendants rely upon Seventh Circuit jurisprudence alone is also wrong.  Defendants address the law in this Circuit establishing that a protective order is proper and the motion to compel should be denied.  (Defendants' Brief at pp. 8-15, 19-20).  Instead of directly challenging those arguments or that *Rubin* was cited with approval in *Thai Lao* and *Walters*, however, SerVaas spends its time misinterpreting *First City, Texas-Houston, N.A. v. Rafidain Bank* ("*Rafidain I*"), 150 F.3d 172, 176 (2d Cir. 1998), *First City, Texas Houston, N.A. v. Rafidain Bank* ("*Rafidain II*"), 281 F.3d 48 (2d Cir. 2002), and *Walters* in its very own "mind-numbing" fashion, and fails to address the decisions in *Olympic Chartering, S.A. v. Ministry of Industry and Trade of Jordan*, 134 F.Supp.2d 528, 530, 535-36 (S.D.N.Y. 2001), *Thai Lao*, and *EM Ltd. v. Republic of Argentina*, 473 F.3d 463 (2d. Cir.), *cert. denied*, 592 U.S. 818 (2007).

Relying upon both *Rafidain I* and *Rafidain II*, SerVaas states "where – as here – a foreign sovereign has been found to be subject to the jurisdiction of United States courts, the foreign sovereign's immunity is not implicated by discovery in aid of execution of a judgment" and "jurisdiction is sufficient to 'sustain the court's jurisdiction through proceedings to aid collection of a money judgment rendered in the case, including discovery pertaining to the judgment debtor's assets.'"  (SerVaas Brief at pp. 6-7).  Those statements are simply incorrect here.  Section 1610(b) sets forth exceptions to immunity from post-judgment discovery for *agencies*

-4-

*and instrumentalities*, and provides jurisdiction and no immunity where an *agency or instrumentality* engages in commercial activity in the U.S.  The analysis is fundamentally different as to foreign states under Section 1610(a), where such questions are limited to *specific property* of a foreign state used in commercial activities in the U.S.  In *Rafidain I* discovery was sought and denied from a non-party, the Central Bank of Iraq ("CBI"), that such discovery was denied from CBI, and that discovery from Rafidain was limited on the question of an alter-ego relationship between Rafidain and CBI.  150 F.3d 177.  Similarly, *Rafidain II* provided that where alter ego allegations are made, post-judgment discovery from a judgment debtor is limited to the judgment debtor's relationship with other sovereign entities alone.  281 F. 3d at 53-54.

SerVaas' also argues in error that *Rafidain II* supports the position that post-judgment discovery is proper under Rule 69 and the FSIA because otherwise the FSIA would create a right without a remedy is also misplaced.  *See Walters*, 651 F.3d at 289 ("[t]he asymmetry between jurisdiction and execution immunity in the FSIA reflects a deliberate congressional choice to create a 'right without a remedy' in circumstances where there is jurisdiction over a foreign state for purposes of obtaining a judgment, but its property is immune from attempts to execute the judgment"); (Defendant's Brief at pp. 10-11, 16-17).

SerVass further argues in error that *Rafidain II* supports the general concept that discovery of a judgment debtor's assets is routinely conducted and broad under Rule 69. (SerVaas Brief at pp. 7-8).  While generally correct, such is contravened by Second, Fifth, and Seventh Circuit precedent that provide post-judgment discovery is circumscribed by the FSIA and that a delicate balancing test is required.  *See Rubin*, 637 F.3d at 799; *EM*, 473 F.3d at 486; *Olympic*, 134 F.Supp.2d at 535; *Rafidain I*, 150 F.3d at 176; *Thai Lao*, 2011 WL 4111504 at *3.

Finally, SerVaas incorrectly posits that its erroneous interpretation of *Rafidain I* and *Rafidain II* were confirmed by *Walters* and fails to refute that *Rubin* was cited with approval. (SerVaas Brief at p. 8).  Far from confirming, *Walters* calls into question SerVaas' interpretation, and, as stated, cited *Rubin* with approval.  *See Walters*, 651 F.3d at 289-95.  After citing the holding in *Rafidain I* that subject matter jurisdiction extends to post-judgment discovery, the Second Circuit states "[w]hether or not that is correct. . . ."  *Walters*, 651 F.3d at 295.

C.  **SerVaas' Erroneously Claims that SerVaas' Rule 69 Discovery Requests Are Proper**

SerVaas' claim that it complies with the Rules because it served its requests upon Defendants alone – and not separate entities – is wrong and places form over substance. Adopting that flawed logic, such discovery requests propounded upon the Federal Reserve seeking information from all other branches of the U.S. Government would be proper and conform with Rules 33 and 34, which limits discovery requests to parties to the action.

SerVaas also ignores Defendants' evidence setting forth the incredible number of non-party, non-judgment debtor, separate juridical persons from which it seeks discovery and ignores the wording of its own discovery requests, as SerVaas now claims all entities from which it seeks discovery are "political subdivisions" on the sole basis that Iraq alleged in separate litigation that "Republic of Iraq includes its political subdivisions."  (SerVaas Brief at p. 9 (citing *Republic of Iraq v. ABB, et al.*, S.D.N.Y. Index No. 08 Civ. 5951 (GEL), Docket No. 112)).  That allegation, taken out of and without any context is of no moment; it has no affect on questions of separate juridical status nor does it dispense with the required *Bancec* analysis that *must* be applied where discovery is sought against non-party sovereign entities.  *See Rafidain I*, 150 F.3d at 176 (requiring application of *First Nat'l City Bank v. Banco Para El Comercio Exterior de Cuba*

("*Bancec*"), 462 U.S. 61 (1983), to questions of discovery against a non-party sovereign entity to judgment); *Olympic*, 134 F.Supp.2d at 530 (same). [3]

SerVaas is also not entitled to worldwide discovery of Defendants' assets or information relating to transactions.[4]  *See* 28 U.S.C. §§ 1609, 1610(a); *Walters*, 651 F.3d at 297 (information regarding assets outside of the U.S. is "categorically immune"); *Aurelius Capital Partners, LP. v. Republic of Argentina*, 584 F.3d 120, 130 (2d Cir. 2009); *Walters v. People's Republic of China*, 672 F.Supp.2d 573, 575 (S.D.N.Y. 2009); (Defendants' Brief at pp. 18-19); *see also Olympic*, 134 F.Supp.2d at 536 (stating "once a party is found to be immune under the FSIA, it is immune from discovery regarding its assets as well as discovery regarding its transactions with other entities").  SerVaas' reliance upon the Ninth Circuit decision in *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468 (9th Cir. 1992), to the contrary further demonstrates SerVaas' confusion regarding the difference between Sections 1610(a) and (b) of the FSIA. Defendant in *Richmark*, 959 F. 2d at 1471-78, was an *instrumentality* of China, and the discovery order in *Richmark* was limited to that *instrumentality's* assets – FSIA immunity exceptions for property owned by an instrumentality are much broader than the exceptions for property owned by a foreign state.  *See Rubin*, 637 F.3d at 797; Restatement (Third) of the Foreign Relations Law of the U.S. § 460 cmt. B.

## II.   DEFENDANTS WAIVED NO OBJECTIONS; THE MOTION IS TIMELY

---

[3] Perhaps in SerVaas' worldview, every entity affiliated in any manner with Defendants are political subdivisions and presumed not to be separate entities, from central banks, to state-owned enterprises, agencies and instrumentalities, *etc.*  In SerVaas' view, the U.S. would be required to provide discovery on behalf of all political subdivisions, agencies and instrumentalities, the Federal Reserve, Fannie Mae, and all state-owned enterprises, *etc*.  In SerVaas' view, every entity – no matter how it is legitimately created or functions as a separate juridical entity – is the same (political subdivision) and presumed to be (contrary to *Bancec*).
[4] SerVaas addresses this argument in its opposition under the heading relating to its claim that its requests are narrowly tailored under the Rules and Defendants include it here as well, despite the application of the FSIA.

A.      **Neither Defendant Waived Any Objections**

Defendants have not waived their objections.  In opposition, SerVaas cites four cases, three of which are unpublished, and not one involves foreign sovereign entities, the waiver of FSIA immunities, an ongoing conferring process, or the time frame here; instead, all involve orders entered by the courts compelling discovery responses, one did not address waiver, and another did not find waiver.  *See Jacoby v. Hartford Life and Accident Ins. Co.*, 254 F.R.D. 477, 478-80 (S.D.N.Y. 2009) (no issues relating to waiver); *Keane v. Zitomer Pharm., Inc.*, 2007 WL 2682848 at *1 (S.D.N.Y. Sept. 11, 2007) (waiver found in ERISA action where party failed to respond to March 2007 discovery requests, failed to comply with a June 2007 order compelling discovery, and after party made incomplete documents available the day before the order to compel discovery expired); *Aetna Life Ins. Co. v. Licht*, 2005 WL 180873 at *1 (S.D.N.Y. Jan. 27, 2005) (court granted motion to compel, provided party with twenty days to respond , and did not find waiver where party failed to respond to the requests, seek a protective order, provide any explanation, or file any opposition to the motion to compel); *Carr v. Queens-Long Island Med. Group, P.C.*, 2003 WL 169793 at *1-3, 5 (S.D.N.Y. Jan. 24, 2003) (waiver found in employment discrimination case where party failed to respond to 2001 and 2002 discovery requests, failed to comply with order compelling discovery, provided incomplete responses the day before a hearing over a year after the first discovery requests, and court noted "[h]ere, the plaintiff did not merely fail to provide responses within thirty days of being served with discovery demands").

The foregoing cases do not support a finding of waiver.  The record establishes – which SerVaas fails to address or refute – Defendants' counsel conscientiously sought to confer with their clients and SerVaas' counsel regarding the responses, objections, and an extension of time; prudent actions, as the requests are upon large, bureaucratic foreign sovereign entities located in

-8-

another hemisphere. (*See* Mills Declaration at ¶¶ 4-14). It was SerVaas' counsel's who delayed Defendants' filing of a pre-motion conference letter on 9 April seeking a motion to extend discovery and for a protective order, as SerVaas' counsel finally conferred 9 April through 17 April, declined Defendants' counsel's request to confer *via* telephone, and filed a pre-motion conference letter on 26 April, before Defendants' counsel understood the conferring process to be completed and before they had directions from their clients. (*Id.*). Defendants promptly filed their pre-motion conference letter on 28 April. (*Id.*).

Finally, FSIA immunity to post-judgment discovery is a presumptive immunity that must be applied by the courts even where the party does not appear. *See NML Capital, Ltd. v. Banco Central De La Republica Argentina*, 652 F.3d 172, 194 (2d Cir. 2011); *Walters*, 651 F.3d at 290. And, any waiver of immunity under the FSIA must be explicit. *Capital Ventures Intern. v. Republic of Argentina*, 552 F.3d 289, 293 (2d Cir. 2009) (citation omitted).

**B.   Defendants' Motion for a Protective Order Is Timely**

SerVaas' claim that Defendants' motion is untimely is similarly without merit. SerVaas' counsel consented to Defendants' motion on the record and this Court permitted the motion and set a briefing schedule.[5] Further, not one of the distinguishable cases cited by SerVaas supports its argument or bears any relation to these circumstances, wherein consent was provided, the court set a briefing schedule, and where foreign sovereign entities and questions under the FSIA are involved. *See U.S. v. I.B.M. Corp.*, 79 F.R.D. 412, 413-14 (S.D.N.Y. 1978) (no consent, no briefing schedule, no FSIA, and not filing motion for protective order until the filing of a motion for reargument of the previously entered motion to compel); *King Harvest Dev. Ltd. v. Li*, 2011

---

[5] *See* Exhibit 2 (transcript of pre-motion conference proceedings before Hon. Richard M. Berman, U.S.D.J., on May 10, 2012), which establishes that SerVaas' counsel consented to Defendants' cross motion for protective order and that the District Court permitted the filing of that motion and set a briefing schedule. (Exhibit 2 at pp. 2-3).

WL 2652184 at *1-2 (S.D.N.Y. June 28, 2011) (no consent, no briefing schedule, no FSIA, and not filing motion for protective order until after motion to compel was granted and a motion for reconsideration was denied); *Kamps v. Fried, Frank, Harris, Shriver & Jacobsen, LLP*, 2010 WL 5158183 at *1-4 (S.D.N.Y. Dec. 9, 2010) (no consent, no briefing schedule, no FSIA, and motion for protective order was filed without conferring with opposing counsel, after the depositions subject to the protective order were scheduled to be taken, two months after discovery had closed, and complete failure to explain the delay); *Jobe O. v. Pataki*, 2007 WL 844707 at *1-3 (S.D.N.Y. March 15, 2007) (no consent, no briefing schedule, no FSIA, and filing motion for protective order nearly two and one-half years after discovery requests were propounded). In fact, despite SerVaas' claim that no case law supports Defendants', a case cited by SerVaas does. *See Jobe*, 2007 WL 844707 at *3 (noting there had been no agreement between the parties to extend the time and no explanation for delay provided). Here, there is sufficient explanation for the short delay and SerVaas consented to the filing.

## CONCLUSION

Based upon the foregoing reasons, those set forth in Defendants' prior moving papers, and on the evidence submitted by Defendants, it is respectfully requested that Defendants' motion be granted and SerVaas' motion be denied.

Dated:  25 June 2012            Respectfully submitted,

**MAGGS & MCDERMOTT, LLC**

| /s/ Timothy B. Mills | /s/ Tennant D. Magee, Sr. |
|---|---|
| Timothy B. Mills (TM-8693) | Tennant D. Magee, Sr. (TM–5871) |
| 910 17th Street, N.W., Suite 800 | 800 Old Bridge Road |
| Washington, DC 20006 | Brielle, New Jersey |
| Telephone: (202) 457-8090 | Telephone: (732) 223-9870 |
| Email: TimothyBMills@aol.com | Email: tdmagee@yahoo.com |
| *Lead Counsel for Defendants* | *Co-Counsel for Defendants* |

# EXHIBIT 1

## Compendium of Iraqi Laws and Regulations Referenced and Discussed in the Sworn Declaration of Director General Hanan Nassef [79-3]



**EXHIBIT 2**

**Transcript of Pre-Motion Conference Proceedings before the Court on 10 May 2012**

-13-

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of June 2012, I electronically transmitted the attached document:

>DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR A PROTECTIVE ORDER AND EXHIBITS THEREON

to the Clerk of the Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrant counsel for Plaintiff:

>John A. Piskora (JAP-1224)
>Loeb & Loeb
>345 Park Avenue
>New York, NY 10154
>212-407-4000
>Email: jpiskora@loeb.com

>/s/ Timothy B. Mills

-13-