USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/19/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SERVAAS INCORPORATED,

                Plaintiff,

- against -

REPUBLIC OF IRAQ and
MINISTRY OF INDUSTRY OF
THE REPUBLIC OF IRAQ,

                Defendants.

**MEMORANDUM
OPINION AND ORDER**

09 Civ. 1862 (RMB) (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Plaintiff SerVaas Incorporated ("SerVaas") brought this action pursuant to New York's Uniform Foreign Country Money-Judgment Recognition Act, C.P.L.R. §§ 5301 *et seq.*, and 28 U.S.C. § 1332 against Defendants the Republic of Iraq ("Republic") and the Ministry of Industry of the Republic of Iraq ("Ministry") (jointly referred to as "Iraq"), seeking recognition of a foreign judgment entered in favor of SerVaas by the Paris Commercial Court on April 16, 1991 ("French Judgment"). SerVaas's motion for summary judgment was granted on February 1, 2012. *See* Docket No. 67. Iraq was ordered to produce materials related to post-judgment discovery on August 29, 2012 ("August 2012 Order"). *See* Docket No. 86. Before the Court is SerVaas's motion for certification of facts supporting civil contempt and sanctions and Iraq's motion to stay post-judgment discovery pending appeals.

For the following reasons, each side's motion is **DENIED**.

## II.   DISCUSSION

**A.   SerVaas's Motion For Certification Of Facts Supporting Civil Contempt And Sanctions**

Federal Rule of Civil Procedure 37(b)(2)(A)(vii) provides that a court may hold a party in contempt for failure to comply with a discovery order. Contempt authority of magistrate judges is limited by the Federal Magistrates Act, and provides that:

> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified.

28 U.S.C. § 636(e)(6)(B)(iii). "In certifying the facts under Section 636(e), the magistrate judge's role is 'to determine whether the moving party can adduce sufficient evidence to establish a prima facie case of contempt.'" *Toxey v. United States*, No. 10 Civ. 3339 (RJH) (KNF), 2011 WL 4057665, *2 (S.D.N.Y. Aug. 25, 2011). If the facts are certified, the district judge is required to conduct a de novo review where issues of fact are resolved and credibility determinations are made. *Bowens v. Atl. Maint. Corp.*, 546 F. Supp. 2d 55, 71 (E.D.N.Y. 2008). If, however, the facts are not certified, "a district court may not proceed further on a motion for contempt where the conduct at issue occurred before a magistrate judge." *Toxey*, 2011 WL 4057665, at *2; *accord Nova Biomedical Corp. v. i-Stat Corp.*, 182 F.R.D. 419, 423-24 (S.D.N.Y. 1998). A party is held in civil contempt for failing to comply with a discovery order when "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Technologies, Inc.*, 396 F.3d 645, 655 (2d Cir. 2004). Failure to comply with the order

at issue need not be willful. *Id.* (*citing Donovan v. Sovereign Sec. Ltd.*, 726 F.2d 55, 59 (2d Cir. 1984)).

SerVaas argues that certification is warranted because Iraq has "failed to produce any documents in response to SerVaas's document requests or to provide any substantive and sworn responses to SerVaas's interrogatories." (Mem. of Law in Supp. of Pl.'s Mot. for Certiftication of Facts Supp. Civil Contempt and Sanctions ("SerVaas's Sanctions Mem. of Law") 9.) SerVaas maintains that Iraq has not operated in good faith because Iraq informed SerVaas that production would be provided on a rolling basis but has not produced any documents. (*Id.*) SerVaas also argues that Iraq's request for a premotion conference does not eliminate Iraq's duty to produce requested documentation. (*Id.* at 11.) SerVaas maintains that its request of $10,000 per day until full compliance is reasonable. (*Id.* at 14.) To support its position, SerVaas asserts that Iraq's actions are "thwarting" its ability to enforce the Court's previous orders. SerVaas contends that "[a]ny delay in obtaining post-judgment discovery . . . substantially increases the likelihood and the time for [Iraq] to transfer, alienate[, or] insulate their assets from enforcement."[1] (*Id.*)

Judge Berman's August 2012 Order unambiguously stated that post-judgment discovery was to be completed twenty-one days after the order was issued, satisfying the first element necessary for certification, failure to comply with a court order. Discovery is not complete because Iraq has not produced the requested documents, satisfying the second element for certification, proof of noncompliance. When considering the facts of this case, the final element for contempt is not satisfied.

---

[1] SerVaas has not submitted any facts to support its allegation of improper transfer of assets on the part of Iraq.

After the August 2012 Order had been issued, SerVaas contacted Iraq to request a meet and confer. (SerVaas Notice of Mot., Ex. 5.) Eleven days later, on September 10, 2012, counsel for Iraq responded with a proposed date, explaining that the delay was caused by his co-counsel's illness. (SerVaas Notice of Mot., Ex. 6.) On September 17, 2012, Iraq sent letters to the Court requesting a pre-motion conference for its motion to stay discovery pending appeal and an adjournment to the twenty-one day discovery deadline imposed by the August 2012 Order. (SerVaas Notice of Mot., Ex. 9, 10.) In its letter, Iraq attached a declaration from Hanan M. Nassef, Director General of the Legal Department of the Ministry of Justice of the Republic of Iraq, explaining that it would take four to six months for each Ministry to determine whether it had a legal obligation to respond and to produce such responses to SerVaas's discovery request.[2] (SerVaas Notice of Mot., Ex. 9.) Iraq further explained that counsel was en route to the Republic of Iraq in furtherance of its attempts to provide responses to SerVaas's discovery requests. (*Id.*) On September 20, 2012, SerVaas sent a letter to the Court requesting a pre-motion conference in advance of moving for sanctions against Iraq for failure to comply with the August 2012 Order. (SerVaas's September 20, 2012 Let. to the Court.)

A telephone conference had been scheduled for October 31, 2012, but was adjourned because of hurricane Sandy. Thereafter, another conference was scheduled and held on January 15, 2013.[3] Because of the time that had lapsed, the discussion during the conference was focused on proposed briefing schedules for the instant motions, and not on an adjournment of the

---

[2] It is Iraq's position that the Ministry of Industry, Ministry of Trade, and Ministry of Oil are separate government entities with no legal connection for liability purposes with each other. Therefore, each individual ministry would have to determine whether it is obligated to respond. (SerVaas Notice of Mot., Ex. 6.; Def.'s Mem. of Law in Supp. of Mot. to Stay Post-Judgment Discovery Pending Appeal, Ex. 3.)

[3] The Parties' and the Court's schedules contributed to the delayed scheduling of the pre-motion conferences.

4

twenty-one day discovery deadline. During the conference, the Parties represented that a mediation conference had been set for January 25, 2013. Counsel for Iraq also represented that the Parties had agreed to place discovery on a "standstill" pending settlement discussions and possible motion practice. Moreover, Iraq represented that in furtherance of settlement discussions it placed its appeals to the Second Circuit on administrative dismissal subject to reactivation if a settlement was not reached. *See* Docket Nos. 93-97. Counsel for SerVaas objected to Iraq's "standstill" representation, but did not disagree with Iraq's representations regarding settlement negotiations. The Parties proposed a briefing schedule for the instant motions, which would take effect if the January 25 mediation was unsuccessful. The Court endorsed a Joint Letter setting the briefing schedule for the instant motions, *see* Docket No. 92, which was slightly altered, on consent of both parties, because of an unforeseen terrorist attack that had taken place in the Republic of Iraq. *See* Docket No. 104.

The actions of Iraq do not warrant a certification of contempt. In *Export-Import Bank of Repblic of China v. Grenada*, No. 06 Civ. 2469 (HB), 2010 WL 5463876, *4 (S.D.N.Y. Dec. 29, 2010), Grenada was found in contempt after an "inordinate amount of time" had been granted to comply with post-judgment discovery and three motions to compel. Similarly, in *Musalli Factory for Gold & Jewelry Co. v. New York Fin. LLC, et al.*, No. 06 Civ. 82 (AKH), 2010 WL 2382415, *1-3 (S.D.N.Y. June 14, 2010), defendant Amir Boktor was found in contempt after canceling a deposition two days before it was scheduled, failing to respond to a properly served subpoena, failing to comply with a motion to compel his deposition testimony and document production, and failing to appear before the Court for an ordered appearance. Here, Iraq has not shown behavior similar to these cases. Given the difficulty with scheduling the premotion conferences, Iraq's representation as to the time needed to comply with discovery, the

misunderstanding as to whether a "standstill" of discovery had been agreed upon, Iraq's discovery obligations were unclear. Nonetheless, Iraq's efforts to comply with the order were reasonable, namely, traveling to Iraq to effectuate discovery, engaging in settlement negotiations, and placing its appeals on administrative leave in furtherance of those settlement negotiations. Based on the Court's familiarity with the case and the Parties' submissions, Iraq has made reasonable efforts to comply with the discovery order. Therefore, SerVaas's motion to certify the facts in support of contempt and sanctions is **DENIED**.

### B.     Iraq's Motion To Stay Discovery Pending Appeal To The Second Circuit

Iraq seeks a stay of discovery pending appeal of the August 2012 Order pursuant to Federal Rule of Civil Procedure 62(c), which provides that a court may "suspend, modify, restore, or grant an *injunction* during the pendency of the appeal." Fed. R. Civ. P. 62(a) (emphasis added). Magistrate judges, however, cannot issue injunctions. *See* 28 U.S.C. 636(b)(1)(A). The Court cannot treat a discovery order as an injunction. The August 2012 Order stated that any "disagreements regarding discovery [] should be presented to the magistrate judge." August 2012 Order, at 7. This statement necessarily implies that the Court has authority to make necessary modifications to Iraq's duty to produce interrogatories and documents upon showing of good cause. The August 2012 Order does not, however, grant the Court authority to issue an order pursuant to a Federal Rule of Civil Procedure outside its authority.

Iraq maintains that SerVaas's discovery demands seek information from entities that were not parties to the underlying French Judgment. (Def.'s Mem. of Law in Supp. of Mot. to Stay Post-Judgment Discovery Pending Appeal ("Iraq's Mem.") 2.) Iraq states that compliance would affect "at least thirty-four major ministries of Iraq and 192 Iraqi State-Owned

Enterprises."[4] (*Id.*) SerVaas maintains that it only seeks discovery from the Republic and the Ministry. (Pl.'s Mem of Law in Opp'n to Defs' Mot. to Stay Post-Judgment Discovery Pending Appeal 18.) Since SerVaas states that it only requests information from the Republic and the Ministry, there is no need to modify the August 2012 Order. To the extent SerVaas's discovery request could be interpreted to implicate thirty-four major ministries and 192 state-owned enterprises, it would be overbroad and inconsistent with Judge Berman's timetable for completion. SerVaas is only entitled to discovery relating to Iraq's and the Ministry's political subdivisions, agencies, and instrumentalities. *See* August 29 Order, at 6; *see also EM Ltd. v. Republic of Argentina*, 473 F.3d 463, 477 (2d Cir. 2007) (explaining that a foreign government's determination of the legal status for its instrumentalities as a separate legal entity should be honored). Iraq must comply with Judge Berman's order to this extent by **July 2, 2013**. Iraq's motion to stay discovery is **DENIED**.

Even if the Court could issue an injunction, Iraq's motion to stay discovery would be meritless. A district court's order enforcing discovery is not typically considered a "final order" subject to appellate review under 28 U.S.C. § 1602. *See Church of Scientology of California v. United States*, 506 U.S. 9, 18 n. 11, (1992). Under the collateral order doctrine, however, a discovery order is "'final' if it (1) conclusively determines a disputed question; (2) resolves an important issue completely separate from the merits of the action; and (3) is effectively unreviewable on appeal from final judgment." *See EM Ltd. v. Republic of Argentina*, 695 F.3d

---

[4] This argument is consistent with Iraq's previous representations that each ministry and state-owned enterprise is a separate legal entity. (*See* Decl. of Fakhri Kadhum in Supp. of Defendants' Mot. to Dismiss ¶¶ (7)(B), (7)(C)) ("In accordance with such Iraqi law, each [m]inistry is separately and independently responsible and liable for performance of the obligations arising under contracts entered into by such [m]inistry, and for any breach of obligations arising from contracts entered into by such [m]inistry, including, but not limited to, breach of contract liability for failure to honor the terms of a contract entered into by such [m]inistry.")

7

201, 205-06 (2d Cir. 2012).

Iraq argues that the August 2012 Order is appealable because the Order denied it sovereign immunity under the Foreign Sovereign Immunity Act ("FSIA") and thus is subject to interlocutory appeal. (Def.'s Reply Mem. of Law in Supp. of Mot. to Stay Post-Judgment Discovery Pending Appeal ("Iraq's Reply Mem.") 3.) Iraq maintains that the first two elements of the collateral order doctrine are met because the August 2012 Order concerned questions of sovereign immunity from post-judgment discovery from Iraq and "226 separate and independent foreign sovereign juridical persons." (*Id.* at 4.) Citing *Rubin v. The Islamic Republic of Iran*, 637 F.3d 783 (7th Cir. 2011), Iraq argues the third element is satisfied because questions involving sovereign immunity by their very nature satisfy the collateral order doctrine. (Iraq's Reply Mem. 4.)

In *EM Ltd.*, the Second Circuit held that "a district court's power to order discovery to enforce its judgment does not derive from its ultimate ability to attach the property in question but from its power to conduct supplementary proceedings, involving persons indisputably within its jurisdiction."[5] *EM Ltd.*, 695 F. 3d at 208. The court further provided that the determination of whether a particular asset is attachable under the FSIA is a separate issue from discovery. *Id.* at 209. The court expressly disagreed with *Rubin*'s determination that under the FSIA a district court lacked sufficient authority to compel discovery. *Id.* *EM Ltd* precludes Iraq's position that the August 2012 Order related to sovereign immunity because the issue is not whether the assets can be attached, but whether attachable assets exist. *See, e.g., Thai Lao Lignite (Thailand) Co.,*

---

[5] The Court has twice rejected Iraq's claim of jurisdictional immunity under the FSIA. *See SerVaas Inc. v. Republic of Iraq*, 686 F. Supp. 2d 346, 356-58 (S.D.N.Y. 2010); *SerVaas, Inc. v. Republic of Iraq*, 2012 WL 335654, *5 (S.D.N.Y. Feb 1, 2012).

*Ltd. v. Gov't of Lao People's Democratic Republic*, No. 10 Civ. 5256 (KMW), 2013 WL 541259, *8 (S.D.N.Y. Feb. 11, 2013) (holding that *EM Ltd*'s distinction between attachment and discovery foreclosed the respondent's FSIA sovereign immunity objections to a discovery order).

The present circumstances do not support an application of the collateral order doctrine. The final element requires an order to be "effectively unreviewable on appeal from final judgment." *See EM Ltd*, 695 F.3d at 205-06. The August 2012 Order only relates to discovery, not sovereign immunity, which makes the Order appealable through disobedience and contempt. *See Id.* at 206; *accord Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010). Iraq would not be able to satisfy the final element of the collateral order doctrine, and therefore, is not substantially likely to succeed on appeal for lack of subject matter jurisdiction. If the Court had authority to determine whether a stay could be issued pursuant to Rule 62(a), Iraq's motion to stay post-judgment discovery pending appeal of the August 2012 Order would be denied.

### III.   CONCLUSION

For the foregoing reasons, SerVaas's motion to certify the facts in support of a finding of contempt and sanctions is **DENIED**, and Iraq's motion to stay post-judgment discovery is **DENIED**. Iraq is **HEREBY ORDERED** to produce the requested interrogatories and documents as it relates to the Republic of Iraq and the Ministry of Industry for the Republic of Iraq by **July 2, 2013**.

**SO ORDERED this 19th day of June 2013**
**New York, New York**

*[signature]*

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**