**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| SERVAAS INCORPORATED, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 09 CV 1862 (RMB) (RLE) |
| | ) | |
| v. | ) | |
| | ) | |
| REPUBLIC OF IRAQ and | ) | |
| MINISTRY OF INDUSTRY OF THE | ) | |
| REPUBLIC OF IRAQ, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

---

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO OBJECTIONS**
**FILED BY PLAINTIFF TO DECISION AND ORDER DECLINING TO CERTIFY**
**FACTS IN SUPPORT OF PLAINTIFF'S MOTION FOR CONTEMPT**

---

**MAGGS & McDERMOTT, LLC**

Timothy B. Mills (TM-8693)        Tennant D. Magee, Sr. (TM-5871)
910 17th Street, N.W., Suite 800    800 Old Bridge Road
Washington, DC 20006             Brielle, New Jersey
Telephone: (202) 457-8090         Telephone: (732) 223-9870
Email: TimothyBMills@aol.com     Email: tdmagee@yahoo.com
*Lead Counsel for Defendants*        *Co-Counsel for Defendants*

**LAW OFFICES OF STEPHEN ALBRIGHT**

Stephen Albright
4 Bay Hills Court
Huntington, New York 11743
Telephone: (631) 425-0511
Email: salbrightesq@gmail.com
*Co-Counsel for Defendants*

Dated: July 26, 2013

i

<u>**TABLE OF CONTENTS**</u>

<u>**Page**</u>

TABLE OF AUTHORITIES ................................................................................................. iv

PRELIMINARY STATEMENT ........................................................................................... 1

FACTUAL BACKGROUND ............................................................................................... 1

    A.  Iraq and Ministry of Industry  ............................................................................... 1

    B.  Plaintiff's Post-Judgment Discovery Requests ..................................................... 2

    C.  Plaintiff's Third-Party Subpoenas  ....................................................................... 3

    D.  District Court Decisions on Appeal....................................................................... 3

    E.  Defendants' Motion to Stay and Plaintiff's Motion for Contempt ....................... 4

    F.  Magistrate Judge's Decision ................................................................................. 5

ARGUMENT

I.      MAGISTRATE ELLIS CORRECTLY APPLIED THE STANDARD FOR
       CERTIFICATION OF FACTS ON MOTIONS FOR CONTEMPT AND
       CORRECTLY DECLINED TO CERTIFY THE FACTS TO THE DISTRICT
       COURT, SERVAAS FAILED TO ESTABLISH A *PRIMA FACIE* CASE FOR
       CONTEMPT ........................................................................................................... 6

      A.     Standard of Review ................................................................................... 6

      B.     Magistrate Judge Ellis did not Exceed the Scope of his Authority and Cited
           to and Applied the Correct Standard of Review and when Declining to
           Certify the Facts ........................................................................................ 7

      C.     Plaintiff has not Established that the Magistrate Judge's Decision and Order
           Constituted Clear Error ........................................................................... 10

II.     EVEN IF A *DE NOVO* STANDARD OF REVIEW IS APPLIED TO THE
       MAGISTRATE'S DECISION, THE RECORD EVIDENCE ESTABLISHES
       THAT CERTIFICATION OF THE FACTS FOR A *DE NOVO* CONTEMPT
       HEARNG IS NOT PROPER .................................................................................. 13

III.   THE CASE LAW RELIED UPON BY PLAINTIFF DOES NOT SUPPORT PLAINTIFF'S SANCTION REQUEST ........................................................................ 16

IV.   EVEN IF THE FACTS ARE CERTIFIED, DEFENDANTS ARE ENTITLED TO A *DE NOVO* HEARING ON THE ISSUE OF CONTEMPT BEFORE THIS COURT ................................................................................................................ 21

CONCLUSION ................................................................................................................ 22

EXHIBITS

1.   Correspondence by counsel for Defendant to counsel for Plaintiff dated 11 September 2013

2.   Correspondence by SerVaas to Court resubmitting parties' pre-motion conference letters

3.   October 2012 correspondence between counsel for parties

4.   Correspondence by counsel for Defendants to Counsel for Plaintiffs dated January 14, 2013

5.   Correspondence by counsel for Plaintiff to Counsel for Defendants dated January 15, 2013

6.   Correspondence confirming Magistrate Judge Ellis' briefing schedule

7.   Correspondence by counsel for Defendants to Magistrate Ellis dated March 25, 2013

## TABLE OF AUTHORITIES

### Cases

Page

*Am. Rock Salt Co., LLC v. Norfolk S. Corp.*, 371 F.Supp.2d 358
(W.D.N.Y. 2005) ......................................................................................16, 19, 20

*Bowens v. Atlantic Maint. Corp.*, 546 F.Supp.2d 55 (E.D.N.Y. 2008) ..............................8, 10, 22

*Cardell Financial Corp. v. Suchodolski Assoc., Inc.*, 896 F.Supp.2d
320 (S.D.N.Y. 2012) ...............................................................................................6

*Church v. Steller*, 35 F.Supp.2d 215 (N.D.N.Y. 1999) ...................................................8

*DeLuca v. Lord*, 858 F.Supp. 1330 (S.D.N.Y. 1994) ...................................................6

*EM Ltd. v. Republic of Argentina*, 695 F.3d 201 (2d Cir. 2012), *petition for
cert. filed*, 2013 WL 122883 (January 7, 2013) (No. 12-842). ..........................14, 21

*Esso Exploration and Production Chad, Inc. v. Taylors International
Services Ltd.*, 2008 WL 5146965 (S.D.N.Y. Dec. 4, 2008) .........................................6

*Export-Import Bank of Republic of China v. Grenada*, 2010 WL 5463876
(S.D.N.Y. Dec. 29, 2010) ...................................................................17,  19, 20

*Ferrara v. Nordev, LLC*, 2012 WL 1999643 (E.D.N.Y. April 10, 2012) ...............................17, 20

*Ferrara v. Metro D Excavation & Foundation, Inc.*, 2012 WL 6962214
(E.D.N.Y. Nov. 30, 2012) ...................................................................................9

*First City, Texas-Houston, N.A. v. Rafidain Bank*, 281 F.3d 48
(2d Cir. 2002) ...................................................................................17, 19, 20

*FG Hemisphere Assoc., LLC v. Democratic Republic of Congo*, 603 F.Supp.2d 1
(D.D.C. 2009), *aff'd*, 637 F.3d 373 (D.C. Cir. 2011). ………………………….……….17, 20

*Hunter TBA, Inc. v Triple Sales*, 250 F.R.D. 116 (E.D.N.Y. 2008) ...............................8

*In Re Kitterman*, 696 F.Supp. 1366 (D. Nev. 1988) ...................................................8

*Latino Officers Ass'n City of New York, Inc. v. City of New York,*
558 F.3d 159 (2d Cir. 2009) .................................................................8

*Lynch v. Southampton Animal Shelter Foundation, Inc.*, 2013 WL 80178 ...................................9
(E.D.N.Y. Jan. 7, 2013)

*Musalli Factory for Gold & Jewelery v. New York Financial, LLC,*
2010 WL 2382415 (S.D.N.Y. June 14, 2010) ...............................................18, 19, 20

*Peretz v. U.S.*, 501 U.S. 923, 111 S.Ct. 2661 (1991) .................................................10

*Rubin v. The Islamic Republic of Iran*, 637 F.3d 783 (7th Cir. 2011), *cert. denied,*
133 S.Ct. 23 (2012) ………………………………………………………………..……14, 21

*Thai Lao Lignite (Thailand) Co., Ltd. v. Government of the Law People's*
*Democratic Republic*, 2011 WL 4111504 (S.D.N.Y. Sept. 13, 2011) .......................................18

*Thomas E. Hoard, Inc. v. Sara Lee Corp.*, 900 F.2d 522 (2d Cir. 1990) .......................................6

*Toxey v. U.S.*, 2011 WL 4057665 (S.D.N.Y. Aug. 25, 2011) .............................................7, 9, 10

*Weiss v. La Suisse*, 161 F.Supp.2d 305 (S.D.N.Y. 2001) .................................................6

*Whitfield v. Imperatrice*, 2011 WL 864703 (E.D.N.Y. Mar. 9 2011) ………………………………6

## **Statutes**

28 U.S.C. §636 .....................................................................................1, 7, 22

28 U.S.C. §1601 ………………………………………………………………………17

## **Rules**

Fed. R. Civ. P. 37 ...............................................................................1, 7, 19

Fed. R. Civ. P. 72 ...................................................................................6

## PRELIMINARY STATEMENT

Plaintiff SerVaas, Incorporated ("Plaintiff") objects to the well-reasoned and legally correct decision made by Magistrate Ellis on 19 June 2013 ("Magistrate's Decision") not to certify the facts in support of Plaintiff's motion for contempt and discovery sanctions that Plaintiff sought against Defendants Republic of Iraq ("Iraq") and Ministry of Industry of Republic of Iraq ("Ministry") (collectively "Defendants") (including a draconian monetary sanction of $10,000 *per* day) (the "Objection")).

The Objection has no merit. SerVaas primarily and erroneously argues that the Magistrate Judge misapplied the legal standard and thereby exceeded his authority. As a matter of law and fact, the Magistrate Judge, acting pursuant to pursuant to Fed. R. Civ. P. 37(b)(2)(A)(vii) and 28 U.S.C. §636(3)(6)(B)(iii), applied the correct legal standard and reached the correct result. In the Objection, Plaintiff asks this Court to apply the incorrect legal standard and to improperly circumscribe the Magistrate Judge's statutory and legal authority, and reach a result that would eviscerate the discretion provided to a magistrate judge, thus reducing the magistrate judge to a "rubber stamp" functionary who would be required in practically all instances to certify facts in support of motions for contempt. This result is contrary to the case law, common sense, and public policy.

In addition, Plaintiff's objections provide no due regard for the actual record regarding Defendants' reasonable compliance and the Magistrate's Decision, and the record establishes that the certification of the facts in support of Plaintiff's motion for contempt is not proper.

## FACTUAL BACKGROUND

### A.    Iraq and Ministry of Industry

Pursuant to Iraqi law, the ministries of Iraq and state-owned enterprises are organized as separate juridical persons from one another and from Iraq, the effect of which precludes one such

juridical person from creating legal responsibilities or liabilities for either Iraq as a whole or for any other such separate juridical person [Docket Entry Nos. 98, 100-3 at ¶¶6-7, 100-4 at ¶6-7, 100-5 at pp. 2-6, and 100-6 at ¶¶3, 9, 15-16, 21-22, 26].[12]  Within each of the ministries, there are numerous administrative entities and separate juridical persons, including, in most ministries, state-owned enterprises [100-6 at ¶¶15-16].  Each ministry maintains its own records, is in charge of its own affairs, makes and administers its own contracts, has its own budget, is accountable for its own actions, but not for the actions of any other ministry or other Iraqi sovereign juridical person, and may sue and be sued itself in Iraqi and foreign courts for its own actions or failure to act, but not for the actions or failure to act of any other juridical person [100-3 at ¶¶6-7, 100-4 at ¶7, 100-5 at pp. 2-6; 100-6 at ¶16].  In total, there are thirty-four (34) major ministries of Iraq and 192 Iraqi state-owned enterprises with separate offices that exist following the change of national government in Iraq in 2003 [100-6 at ¶¶15-16, 19].  Finally, the Iraqi National Oil Company has not existed since 1987 [100-6 at ¶13].

**B.    Plaintiff's Post-Judgment Discovery Requests**

Plaintiff's discovery requests seek: (i) discovery from separate foreign-sovereign juridical entities (*i.e.*, Ministry of Trade, Iraqi National Oil Company, all political subdivisions, agencies, and/or instrumentalities of Iraq, all state-owned entities, enterprises, and other commercial entities beneficially owned by Iraq, and all state-owned enterprises, agencies, and/or instrumentalities of Ministry (hereinafter "Non-Party Sovereign Entities")) that were not parties

---

[1] Hereinafter, Docket Entries are designated by bracketed numbers, *i.e.*, [1], [15, 16], [20-25].
[2] Defendants' opposition to Plaintiff's motion for contempt [111] and their motion to stay pending appeals [98, 100], are incorporated by reference and relied upon herein, inclusive of the Declarations of Omar Ghassan Jamil Al-Wiswasi, Acting Director General of the Legal Department of the Ministry of Justice for Iraq, Fakhri Kadhum, head of the Legal Consultation Bureau of the Military Industrialization Board, Director General of the Legal Department of the Council of Ministers and Legal Department of the Ministry of Justice of Iraq, and Hanan Nassef, Director General of the Legal Department of the Ministry of Justice of Iraq.

to the litigation or the judgment without any allegations of alter ego and who are not represented

by counsel for Defendants; (ii) the identity of all persons with knowledge of all commercial

transactions by Defendants and Non-Party Sovereign Entities in the United States, the disclosure

of such transactions, and all documents relating thereto; (iii) the identity of all bank, brokerage

accounts, and letters of credit in the United States of Defendants and all Non-Party Sovereign

Entities; (iv) all documents disclosing all financial activity of Ministry, including all budget

documents, balance sheets, income statements, and asset listings; (v) all documents sufficient to

identify the source of Ministry's and Ministry of Trade's operating funds; and (vi) all

information and documents relating to the property of Defendants and all Non-Party Sovereign

Entities in the United States and whether such property has been the subject of commercial

transactions, the nature of such transactions, and all persons with knowledge thereof [100-7].

     **C.**     **Plaintiff's Third-Party Subpoenas**

On October 15, 2012, Plaintiff served a third-party subpoena upon JP Morgan Chase

Bank [100-8]. On November 14, 2012, Plaintiff served a third-party subpoena upon Bank of

New York Mellon [100-9]. On January 4, 2013, Plaintiff served a third-party subpoena upon

Citibank. (Declaration of Timothy B. Mills ("Mills Decl.") dated July 26, 2013, at ¶ 13). Those

subpoenas are identical and demand the confidential and financial information of Defendants and

the Non-Party Sovereign Entities: twenty-seven additional ministries, 192 state-owned

enterprises, the Central Bank of Iraq, and all agencies and instrumentalities of Iraq. To date, JP

Morgan Chase Bank, Bank of New York Mellon, and Citibank have all provided information and

documents in response to Plaintiff's third-party subpoenas. (Mills Decl. at ¶ 18).

     **D.**     **District Court Decisions on Appeal**

On 1 February 2012, this Court entered a decision and order granting Plaintiff's motion for summary judgment and thereby confirming the French Judgment against Defendants pursuant to Article 53 of the CPLR. (Memorandum Opinion re Plaintiff's Motion for Summary Judgment dated February 1, 2012 [67]).[3]  On 2 March 2012, Defendants filed an Amended Notice of Appeal of the Summary Judgment Decision [71, 72].

On 29 August 2012, the District Court entered the Discovery Decision, thereby denying Defendants' motion for protective order and granting Plaintiff's motion to compel [86]. Memorandum Opinion re Plaintiff's Motion to Compel and Defendants' Cross-Motion for Protective Order dated August 29, 2012 [86].[4]  On 17 September 2012, Defendants filed a Notice of Appeal of the Discovery Decision [87].

### E.    Defendants' Motion to Stay and Plaintiff's Motion for Contempt

On 17 September 2013, Defendants submitted two letters to this Court requesting a pre-motion conference and leave to file a motion to stay post-judgment discovery pending Defendants' appeals of the Discovery Decision and Summary Judgment Decision, or, in the alternative, to adjourn the discovery deadline [103 at ¶12].  (Mills Decl. at ¶ 6).  On 5 October 22, this Court referred this case to the magistrate judge [88].  After discussions between counsel for Plaintiff and counsel for Defendants, Plaintiff resubmitted Defendants' aforesaid pre-motion conference letters and its own 20 September 2012 pre-motion conference letter requesting leave to file a motion for contempt and sanctions to Magistrate Ellis.  (Mills Decl. at ¶ 6).

A pre-motion conference was thereafter scheduled by Magistrate Ellis for 31 October 2012, however, due to Hurricane Sandy that pre-motion conference did not occur.  (*Id.* at ¶ 10). In December 2012, in order to facilitate settlement discussions, Defendants proposed to Plaintiff

---

[3] Hereinafter referred to as "Summary Judgment Decision."
[4] Hereinafter referred to as "Discovery Decision."

a "standstill" agreement, wherein Defendants would administratively dismiss its appeals of the Summary Judgment Decision and Discovery Decision, subject to reinstatement without prejudice, and no further actions would be taken relating to the post-judgment discovery. (*Id.* at ¶ 11). On 29 December 2012, Defendants filed their Local Civil Rule 42.1 Stipulations. (*Id.* at ¶ 12). On January 14, 2013, Defendants served correspondence upon Plaintiff seeking to reconfirm the details of the "standstill" agreement. (*Id.* at ¶ 14). In correspondence dated January 15, 2013, Plaintiff objected to the terms of the "standstill" agreement as understood by Defendants. (*Id.* at ¶ 15).

Magistrate Ellis conducted a pre-motion telephone conference on 16 January 2013 to address the pre-motion conference letters submitted by Plaintiff and Defendants. (*Id.* at ¶ 16). In addition to setting the briefing schedule, the parties also advised Magistrate Ellis of their respective understandings of the "standstill" agreement. (*Id.*). In correspondence dated 25 March 2013, Defendants requested that Magistrate Ellis adjourn the briefing schedule due to a suicide bombing that occurred on 14 March 2013, which killed at least twenty-four people and wounded more than fifty others at the Iraq Ministry of Justice building in Baghdad. (*Id.* at ¶ 17). On 26 March 2013, Magistrate Ellis entered an Order resetting the briefing schedule..

F.     **Magistrate Judge's Decision**

On 19 June 2013, Magistrate Ellis entered a memorandum opinion and order denying Defendants' motion to stay pending appeals and declining to certify the facts in support of Plaintiff's motion for contempt and sanctions. (Memorandum Opinion and Decision re Plaintiff's Motion for Contempt and Defendants' Motion to Stay dated June 19, 2013 [114]).[5] Thereafter, on 12 July 2013, Magistrate Ellis granted Defendant's request to modify the

---

[5] Hereinafter referred to as "Magistrate's Decision [114] at page."

Magistrate's Decision and ordered Defendants to start production on an ongoing basis on July

31, 2013, and ordered Defendants to submit a production schedule by August 1, 2013 [117, 118].

## ARGUMENT

I.    **MAGISTRATE JUDGE ELLIS CORRECTLY APPLIED THE STANDARD FOR CERTIFICATION OF FACTS ON MOTIONS FOR CONTEMPT AND CORRECTLY DECLINED TO CERTIFY THE FACTS TO THE DISTRICT COURT, SERVAAS FAILED TO ESTABLISH A *PRIMA FACIE* CASE FOR CONTEMPT**

### A.    Standard of Review

As argued by Plaintiff, this Court's review of a magistrate judge's decision is under the

"clearly erroneous" standard.[6]  (Plaintiff's Brief [115] at 2, 9).  "In reviewing a magistrate

judge's report and recommendation, the court may adopt those portions to which no specific

written objections are made and which are not clearly erroneous or contrary to the law." *Esso*

*Exploration and Production Chad, Inc. v. Taylors International Services Ltd.*, 2008 WL 5146965

at *2 (S.D.N.Y. Dec. 4, 2008); *see* Fed. R. Civ. P. 72(a).  Further, in considering objections to

rulings issued by a magistrate judge, the reviewing court shall "modify or set aside any part of

the order that is clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a); *Thomas E. Hoard,*

*Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990).  "A magistrate judge's resolution of

discovery disputes deserves substantial deference." *Esso*, 2008 WL 51446965 at *2 (quoting

*Weiss v. La Suisse*, 161 F.Supp.2d 305, 321 (S.D.N.Y. 2001)).

---

[6] Although Plaintiff advances the "clearly erroneous" standard and this Court itself recited that standard in an unpublished decision that addresses, in part, a motion for contempt and objections to a decision by a magistrate judge, *Esso Exploration and Production Chad, Inc. v. Taylors International Services Ltd.*, 2008 WL 5146965 (S.D.N.Y. Dec. 4, 2008), there are cases that suggest a *de novo* standard of review on such objections when a motion for contempt is involved. *See, e.g.*, *Cardell Financial Corp. v. Suchodolski Assoc., Inc.*, 896 F.Supp.2d 320, 324 (S.D.N.Y. 2012); *but see Whitfield v. Imperatrice*, 2011 WL 864703 at *1, 7 (E.D.N.Y. Mar. 9 2011). Nevertheless, "[a] district judge may accept, set aside, or modify, in whole or in part, the findings and recommendations of a magistrate judge." *Cardell*, 896 F.Supp.2d at 324 (citing Fed. R. Civ. P. 72(b); *DeLuca v. Lord*, 858 F.Supp. 1330, 1345 (S.D.N.Y. 1994).

**B.**    **Magistrate Judge Ellis did not Exceed the Scope of his Authority and Cited to and Applied the Correct Standard of Review and when Declining to Certify the Facts**

Plaintiff's objections to the Magistrate's Decision are misplaced.  Magistrate Judge Ellis did not exceed the scope of his authority and cited and applied the following correct standard of review.  *First*, Federal Rule of Civil Procedure 37(b)(2)(A)(iii) provides for the remedy of contempt in the event a party fails to comply with a discovery order.  (Magistrate's Decision [114] at 2).  *Second*, the Federal Magistrates Act provides for the following contempt authority to be exercised by magistrate judges:

> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified.

28 U.S.C. §636(e)(6)(B)(iii); (Magistrate's Decision [114] at 2).  *Third*, "[i]n certifying the facts under Section 636(e), the magistrate judge's role is '*to determine whether* the moving party can adduce sufficient evidence to establish a prima facie case of contempt.'"  *Toxey v. U.S.*, 2011 WL 4057665 at *2 (S.D.N.Y. Aug. 25, 2011) (emphasis added); (Magistrate's Decision [114] at 2).

Despite the citation to and application of the correct scope of authority and standard by Magistrate Judge Ellis, Plaintiff maintains that there was a deviation from it that rises to the level of clear error.  Plaintiff's interpretation of a magistrate judge's authority, the standard, and the Magistrate's Decision, however, is incorrect – Magistrate Judge Ellis did not "resolv[e] the contempt issue himself[,]" did not incorrectly review and apply evidence that occurred in his actual presence, did not view the facts in a light most favorable to Defendants, and did not render decision on credibility issues.  (Plaintiff's Brief [115] at 13-15).  If this Court were to subscribe

to Plaintiff's view, this Court would sanction a process that requires magistrate judges to act as mere bureaucratic functionaries, a result that is contrary to both the law and policy.

The certification process serves a well-defined and important purpose: to determine whether the moving party can adduce sufficient evidence to establish a *prima facie* case of contempt. *Church v. Steller*, 35 F.Supp.2d 215, 217 (N.D.N.Y. 1999); *Hunter TBA, Inc. v Triple Sales*, 250 F.R.D. 116, 118 (E.D.N.Y. 2008). A magistrate judge is called upon, therefore, to determine whether there are sufficient facts to establish the three elements of contempt: (1) the existence of a clear and unambiguous order that defendant is alleged to have violated, (2) clear and convincing evidence of defendant's violation of the order and (3) a failure by defendant to make diligent efforts to comply with the order in a reasonable manner. *See, e.g., Latino Officers Ass'n City of New York, Inc. v. City of New York*, 558 F.3d 159, 164 (2d Cir. 2009). At his or her disposal to make that determination, a magistrate judge may elect to conduct a hearing on the issue of certification. *Church*, 35 F.Supp.2d at 217 (citing *In re Kitterman*, 696 F.Supp. 1366, 1370 (D. Nev. 1988)).

The case law and logic dictate that the real-world, practical application of the foregoing authority and process requires a certain degree of actual discretion and judgment. Otherwise, how exactly would a magistrate judge decide whether sufficient facts exist to establish that an order is clear and unambiguous, that evidence of a violation is clear and convincing, or that a defendant's efforts were neither diligent nor reasonable? Simply put, a magistrate judge could not and the following decisions support that conclusion.

▶ *Bowens v. Atlantic Maint. Corp.*, 546 F.Supp.2d 55, 6--72 (E.D.N.Y. 2008) – district court adopted report and recommendation of magistrate judge who engaged in an analysis Plaintiff's argument would characterize as *ultra vires* and clear error. Specifically,

8

magistrate judge had conducted a hearing and determined on the basis of lengthy testimony from four witnesses that: (1) the order was unambiguous and clear because it was discussed at length in the presence of principals and the attorney agreed to its terms their presence; (2) proof of noncompliance was not clear and convincing due to inconsistencies in the testimony; and (3) the third element was not be reached because of the failure to establish the second. *Id.* at 64-72.

► *Ferrara v. Metro D Excavation & Foundation, Inc.*, 2012 WL 6962214 at *3 (E.D.N.Y. Nov. 30, 2012) – engaging in thorough analysis of first two elements of contempt, and, on the third element, finding because defendant made no effort and offered no explanation whatsoever his actions could not have been diligent or reasonable, implicitly acknowledging that analysis of actions, explanation, and conduct would be required in the event they existed.

► *Lynch v. Southampton Animal Shelter Foundation, Inc.*, 2013 WL 80178 at *6-7 (E.D.N.Y. Jan. 7, 2013) – concluding that a certain disclosure in violation of a confidentiality order "is negligible, insignificant, and *de minimis*[,]" and because no " harm or damages" were suffered "as a result of the challenged disclosure, . . . plaintiff's conduct does not rise to the level that warrants a certification of contempt."

► *Toxey*, 2011 WL 4057665 at *3-4 – magistrate judge engaged in thorough analysis of facts submitted by parties to determine whether contemnor attempted to comply in a diligent and reasonable manner.  Instructively, magistrate judge assessed the competing facts and determined it "cannot be said that [contemnor] did not attempt to comply diligently, in a reasonable manner, with the May 31, 2011 subpoena" before finding thereafter that her attempts to comply with the June 21, 2011, subpoena were not diligent or reasonable. *Id.* at *4.

Each of the foregoing cases supports the conclusion that Plaintiff's characterization of a magistrate judge's authority is not legally correct and impractical.  A decision as to whether facts

9

are sufficient on issues of ambiguity, clear and convincing evidence, and diligence and reasonableness cannot be made by way of a bureaucratic rubber stamp. To hold otherwise would run contrary to the "indispensable" role of magistrate judges in the federal judicial system. *See Bowens*, 546 F.Supp.2d at 59 (quoting *Peretz v. U.S.*, 501 U.S. 923, 928, 111 S.Ct. 2661 (1991).

> **C.     Plaintiff has not Established that the Magistrate Judge's Decision and Order Constituted Clear Error**

Applying that correct scope of authority here, Magistrate Judge Ellis properly determined that Plaintiff did not and could not provide sufficient evidence to establish that Defendants had not been reasonably diligent and energetic in attempting to accomplish what had been ordered in the specific context of the record. *See Bowens*, 546 F.Supp.2d at 60-72; *Toxey*, 2011 WL 4057665 at *3-4. Specifically, Magistrate Judge Ellis properly assessed the following record, the actual accuracy of which Plaintiff does not dispute (rather, Plaintiff objects to Magistrate Judge Ellis' reliance upon facts he had direct knowledge of and that Magistrate Judge Ellis even considered Defendants' conduct and explanations made in his presence):

> After the August 2012 Order had been issued, SerVaas contacted Iraq to request a meet and confer. (SerVaas Notice of Mot., Ex. 5.) Eleven days later, on September 10, 2012, counsel for Iraq responded with a proposed date, explaining that the delay was caused by his co-counsel's illness. (SerVaas Notice of Mot., Ex. 6.) On September 17, 2012, Iraq sent letters to the Court requesting a pre-motion conference for its motion to stay discovery pending appeal and an adjournment to the twenty-one day discovery deadline imposed by the August 2012 Order. (SerVaas Notice of Mot., Ex. 9, 10.) In its letter, Iraq attached a declaration from Hanan M. Nassef, Director General of the Legal Department of the Ministry of Justice of the Republic of Iraq, explaining that it would take four to six months for each Ministry to determine whether it had a legal obligation to respond and to produce such responses to SerVaas's discovery request .FN2 (SerVaas Notice of Mot., Ex. 9.) Iraq further explained that counsel was en route to the Republic of Iraq in furtherance of its attempts to provide responses to SerVaas's discovery requests. (*Id.*) On September 20, 2012, SerVaas sent a letter to the Court requesting a pre-motion conference in advance of moving for sanctions against Iraq for failure to comply with the August 2012 Order. (SerVaas's September 20, 2012 Let. to the Court.)

A telephone conference had been scheduled for October 31, 2012, but was adjourned because of hurricane Sandy. Thereafter, another conference was scheduled and held on January 15, 2013.  Because of the time that had lapsed, the discussion during the conference was focused on proposed briefing schedules for the instant motions, and not on an adjournment of the twenty-one day discovery deadline.  During the conference, the Parties represented that a mediation conference had been set for January 25, 2013.  Counsel for Iraq also represented that the Parties had agreed to place discovery on a "standstill" pending settlement discussions and possible motion practice.  Moreover, Iraq represented that in furtherance of settlement discussions it placed its appeals to the Second Circuit on administrative dismissal subject to reactivation if a settlement was not reached.  See Docket Nos. 93–97.  Counsel for SerVaas objected to Iraq's "standstill" representation, but did not disagree with Iraq's representations regarding settlement negotiations. The Parties proposed a briefing schedule for the instant motions, which would take effect if the January 25 mediation was unsuccessful.  The Court endorsed a Joint Letter setting the briefing schedule for the instant motions, see Docket No. 92, which was slightly altered, on consent of both parties, because of an unforeseen terrorist attack that had taken place in the Republic of Iraq.  See Docket No. 104.

. . . .

Given the difficulty with scheduling the premotion conferences, Iraq's representation as to the time needed to comply with discovery, the misunderstanding as to whether a "standstill" of discovery had been agreed upon, Iraq's discovery obligations were unclear.  Nonetheless, Iraq's efforts to comply with the order were reasonable, namely, traveling to Iraq to effectuate discovery, engaging in settlement negotiations, and placing its appeals on administrative leave in furtherance of those settlement negotiations.  *Based on the Court's familiarity with the case and the Parties' submissions*, Iraq has made reasonable efforts to comply with the discovery order.

(Magistrate's Decision [114] at 4-6) (footnotes omitted) (emphasis added).

Again, Plaintiff does not object to the ultimate accuracy of any of those facts.  Rather, Plaintiff's objections are limited to the complaint that certain facts discussed by Magistrate Judge Ellis were not adduced during motion practice, the claim that the foregoing represents credibility determinations, and the implicit allegation that Magistrate Judge Ellis viewed the facts in a light most favorable to Defendants.  (Plaintiff's Brief [115] at 13).  Against the facts and record thoroughly discussed by Magistrate Judge Ellis, Plaintiff is wrong.

*First*, addressing Defendants' actual conduct and explanations in the context of assessing whether there is sufficient evidence that Defendants did not act diligently or reasonably is not akin to viewing the facts in a light most favorable to Defendants.  Plaintiff seemingly suggests that light most favorable to it must equate with a complete disregard of the explanations, conduct, and facts relating to Defendants, which is not the standard and not a requirement of magistrate judges in the certification process (otherwise, opposition to motions at the magistrate judge level would be meaningless).

*Second*, Magistrate Judge Ellis did not make credibility determinations or resolve factual disputes.  That Magistrate Judge Ellis concluded that Defendants and Plaintiff had differing positions and there was a misunderstanding as to the "standstill" neither weighs the evidence in favor of Defendants and cited Defendants' statement that it would take four to six months to comply with Plaintiff's discovery requests are not a resolution of credibility or evidentiary conflicts in their favor.[7]  Rather, it is a recitation of the record evidence and must be addressed in a light most favorable to Plaintiff – which does not result in a complete disregard of those facts or result in the conclusion that they must false because Defendants provided evidence during this litigation of same.

*Third*, the record evidence relied upon by Magistrate Judge Ellis that was outside of the express four corners of Plaintiff's motion and Defendants' opposition all occurred in the

---

[7] At one point, Plaintiff claims that because the Declaration of Hanan M. Nassef was filed on June 8, 2012, and  set forth that it would take at least four to six months to comply with Plaintiff's discovery requests, that discovery should have been completed by the end of 2012. (Plaintiff's Brief [115] at 14).  That claim fails to take the date of the Discovery Decision into consideration (taking the date into February 2013), is made in a vacuum that fails to account the explanations and conduct of Defendants before Magistrate Judge Ellis, including the "standstill[,]" the explanations set forth at length by Defendants regarding their Motion to Stay, which are addressed *infra*, and the terrorist attacks in Baghdad, Iraq, each of which were considered by Magistrate Judge Ellis.

presence of Magistrate Judge Ellis, was to a certain extent referenced in Defendants' opposition

to Plaintiff's Motion for Contempt,[8] and is not actually disputed by Plaintiff – the claimed

disputes Plaintiff believe that were not resolved in Plaintiff's favor are limited to Defendants'

statements on the "standstill" agreement and Defendants' subjective beliefs regarding the

"standstill" and the timeline of Defendants' efforts and actions.  Plaintiff, however, offers no

case law to support its claim that reliance upon record evidence or conduct that occurred in the

presence of Magistrate Judge Ellis must be or should be barred from the analysis and there is

none.  As this Court is aware, record evidence not expressly cited by the parties in support of or

opposition to motions may be relied upon by magistrate judges and district court judges – such is

proper, especially where, as here, a magistrate judge has first-hand knowledge of the record.

Accordingly, the predicate for each of Plaintiff's objections is without merit and

Plaintiff's objections must be denied.

## II.   EVEN IF A *DE NOVO* STANDARD OF REVIEW IS APPLIED, TO THE MAGISTRATE'S DECISION, THE RECORD EVIDENCE ESTABLISHES THAT CERTIFICATION OF THE FACTS FOR A *DE NOVO* CONTEMPT HEARNG IS NOT PROPER

In addition to the facts and arguments set forth *supra* and within the well-

reasoned Magistrate's Decision, the following arguments set forth *infra* support a denial

of Plaintiff's request for certification of facts in support of contempt.

*First*, as argued in support of Defendants' opposition before Magistrate Ellis and in

support of Defendants' motion to stay pending appeals, Defendants' requested to file a motion to

---

[8] Plaintiff argues that the absence of express references to the "standstill" issue in Defendants' opposition is "telling[.]"  (Plaintiff's Brief [115] at 15).  It is not.  The "standstill" issue occurred in the presence of Magistrate Ellis, was the subject of conferences with and submissions to Magistrate Ellis, and although it was not the primary focus of Defendants' opposition, it nevertheless is part of the record, relevant, and was properly relied upon by Magistrate Ellis. In addition, Defendants did reference certain docket entries within their opposition that was relied upon by Magistrate Judge Ellis.

stay in September 2012 and due to delays not attributable to Defendants, a decision on that motion was not rendered until 16 June 2013.  Defendants ultimately did not prevail on that motion and nor did they object to the Magistrate's Decision, which is consistent with the alternative relief Defendants' requested in opposition to Plaintiff's motion below that in the event that their motion to stay was denied: that an order be entered directing Defendants to comply with the Discovery Decision within phases as to judgment debtors and non-judgment debtors [111 at 20].

*Second*, Plaintiff's discovery requests seek and the Discovery Decision orders the disclosure of financial information and documents relating to the 226 Non-Party Sovereign Entities.  Thus, significant issues of foreign sovereign immunity and international comity are involved in this matter, a conclusion supported by the clear circuit-split between the Second and Seventh Circuits pending *certiorari* to the Supreme Court on the issue on appeal by Defendants in the Discovery Decision.  *See EM Ltd. v. Republic of Argentina*, 695 F.3d 201 (2d Cir. 2012), *petition for cert. filed*, 2013 WL 122883 (January 7, 2013) (No. 12-842);[9] *Rubin v. The Islamic Republic of Iran*, 637 F.3d 783 (7th Cir. 2011), *cert. denied*, 133 S.Ct. 23 (2012).  Although this Court has addressed and ruled upon this issue in the Discovery Decision, it is nevertheless a significant issue pending appeal of the Discovery Decision and related to Defendants' pending appeal of the Summary Judgment Decision.  Given those significant issues at stake, as well as the sheer scope of Plaintiff's discovery requests, substantial time to confer with foreign sovereign clients, investigate, attempt to comply with, and the time to have the motion to stay addressed were required and engaged in.  (*See* Mills Decl. at ¶¶ 6, 20).  Moreover, given those significant issues at stake, it is important to note that had Defendants been successful in

---

[9]  On 15 April 2013, the Solicitor General was invited by the Supreme Court of the United States to file a brief in the case expressing the views of the United States.  (Docket No. 12-842).

compliance with the broad scope of the Discovery Decision (which they have not been, despite their reasonable and diligent efforts and conduct), Defendants would have mooted the grounds for their motion to stay, the pending appeal of the Discovery Decision in the Second Circuit, and inflicted the very irreparable injury argued in support of their motion to stay upon themselves.

*Third*, as set forth in the Declaration of lead counsel for Defendants, between August 2011 and present, each Defendant has acted and endeavored in good faith to comply the discovery obligations arising from the Discovery Decision, and, in addition, in attempting to resolve this matter through settlement. (*See* Mills Decl. at ¶ 20). Specifically, that conduct has included from August 2012 through the present, lead counsel for Defendants and the authorized and responsible representatives of each Defendant having engaged in a series of communications (emails, international telephone calls) and a series of in-person, face-to-face meetings and conferences, all for the purpose of furthering each Defendant's compliance with the Discovery Decision, including four separate trips abroad by lead counsel during that time period to attend to this matter (including, most recently, in early July 2013 (which was interrupted by a family medical urgency requiring lead counsel' brief return home)), and, now again, on or about Saturday, 27 July 2013. (*Id.*).

In addition, each of the Defendants' efforts has been impeded by the unforeseen and apparently continuing escalation in violence directed against Iraqi governmental entities that has taken place since early 2013. (*Id.*). Yet, in spite of those serious and challenging circumstances, efforts at compliance, good faith settlement efforts are ongoing – lead counsel for Defendants has been informed that the Al-Shaheed Factory (the entity with whom Plaintiff contracted) is preparing to present a significant bona fide settlement offer to Plaintiff in the near future, and is

awaiting lead counsel's return to Iraq for a final attorney-client face-to-face conference necessary

for concluding necessary arrangements and approvals of the settlement offer.  (*Id.*).

## III.   THE CASE LAW RELIED UPON BY PLAINTIFF DOES NOT SUPPORT PLAINTIFF'S SANCTION REQUEST

In addition, it must be noted that the following decisions (recited below in summary

format) relied upon by Plaintiff are entirely distinguishable, and, by way of those distinctions,

actually support Defendants' position that the sanctions sought by Plaintiff are not warranted.[10]

► *Am. Rock Salt Co., LLC v. Norfolk S. Corp.,* 371 F.Supp.2d 358, 359-60

(W.D.N.Y. 2005) – (i) private domestic entities involved, non-FSIA case; (ii) plaintiff's motion

to compel discovery (which also requested attorney's fees) granted on August 19, 2004; (iii)

order compelling discovery required compliance by defendants within forty-five days and an

award of attorney's fees alone; (iv) no compliance by Defendants under that order and motion

for reconsideration by defendants filed and decided on March 18, 2005; (v) order denying

reconsideration directed compliance of the order compelling discovery within thirty days and

also awarded attorney's fees alone; (vi) defendants did not comply with that order, filed a single

document with the District Court containing objections to the Magistrate Judge's orders and

---

[10] It is of some significance that Plaintiff abandoned its reliance upon one of the cases it heavily relied upon in support of its motion for contempt and its request for $10,000 *per* day sanctions below [102], *FG Hemisphere Assoc., LLC v. Democratic Republic of Congo*, 603 F.Supp.2d 1 (D.D.C. 2009), aff'd, 637 F.3d 373 (D.C. Cir. 2011).  As noted below, *FG* is entirely distinguishable from this matter.  Specifically, in *FG*: (i) foreign sovereign entities involved, FSIA not involved; (ii) order compelling discovery in Sept. 2005 within thirty days; (iii) by agreement of the parties, bifurcated discovery plan ordered, which stayed defendant's obligations under the order pending completion of Phase I and the Phase II of plan; (iv) defendant failed to comply with Phase I and Phase II; (v) plaintiff filed motion for contempt and sanctions; (vi) Court entered order compelling defendant to answer the discovery requests within thirty days, and, if defendant failed to comply, defendant "shall show cause on or before the expiration of the thirty-day period why a fine payable to plaintiff should not be imposed in the amount of $5,000 *per* week, doubling every four weeks until reaching a maximum of $80,000 *per* week.

requested a "temporary stay" of the orders; and (vii) the District Court confirmed the Magistrate

Judge's orders and denied the perfunctory stay request.

► *Export-Import Bank of Republic of China v. Grenada*, 2010 WL 5463876 at *1-5

(S.D.N.Y. Dec. 29, 2010) – (i) foreign sovereign entities involved, FSIA[11] case; (ii) "three

motions to compel" post-discovery responses were filed by plaintiff and without any award of

sanctions; (iii) plaintiff's motion for sanctions thereafter granted, but defendant provided with "a

14-day opportunity to purge its contempt"; (iv) order further provided that in the event that

defendant fails to comply within the fourteen days, "sanctions will automatically accrue at a rate

of $1,000 per day."

► *Ferrara v. Nordev, LLC*, 2012 WL 1999643 at * 2-4 (E.D.N.Y. April 10, 2012) –

(i) private parties involved, non-FSIA case; (ii) plaintiff filed motion to compel post-judgment

discovery responses (document requests and subpoenaed deposition) and for sanctions; (ii) order

compelling discovery responses and deposition,  but declining sanctions; (iii) at defendant's

request, plaintiff requested the Court to extend the deadlines of that order, and the deadlines were

extended; (iv) defendants failed to comply with the extended deadline; (v) plaintiff filed for a

motion for contempt and sanctions; (vi) Court ordered sanctions in the form a daily fine (not

specified in the order) and payment of reasonable attorney's fees related to plaintiff's efforts to

obtain defendants' compliance.

► *First City, Texas-Houston, N.A. v. Rafidain Bank*, 281 F.3d 48, 50-51 (2d Cir.

2002) – (i) foreign-sovereign entities involved, FSIA case; (ii) post-judgment, plaintiff served a

subpoena duces tecum seeking jurisdictional discovery; (iii) defendant failed to comply with that

subpoena (defendant Rafidain argued later "it was no longer a party to this action and was not

---

[11] The Foreign Sovereign Immunities Act, 28 U.S.C. §§1601, et seq., hereinafter referred to as
"FSIA."

subject to the court's jurisdiction); (iv) plaintiff filed a motion for contempt; (v) order was entered by the Court granting contempt "and a Order to Show Cause against defendant was entered on November 19, 1998"; (vi) "Almost a year later, on November 1, 1999, the district court held Rafidain in civil contempt and imposed a fine of $1,000 per day. . . ."; and (vii) that order of contempt and sanction was affirmed on appeal.

▶     *Musalli Factory for Gold & Jewelery v. New York Financial, LLC*, 2010 WL 2382415 at * 1-2 (S.D.N.Y. June 14, 2010) – (i) private parties involved, non-FSIA case; (ii) service of post-judgment discovery requests and subpoenas duces tecum ad testificandum, demanding production of defendant for a deposition and financial documents; (iii) order compelling defendants' compliance entered on November 30, 2009 (defendants did not oppose the plaintiff's motion); (iv) defendants failed to comply with that order and plaintiff filed an order to show cause, seeking an order of contempt and sanctions; (v) status conference ordered and defendant failed to appear, instead sending correspondence indicating that he would produce documents and attributing any delay to his wife's health; (vi) defendants failed to provide any documents and plaintiff filed a subsequent motion for contempt and sanctions; (vii) contempt ordered and sanctions imposed in the form of an arrest warrant and a fine of $1,000.00 per day.

▶     *Thai Lao Lignite (Thailand) Co., Ltd. v. Government of the Law People's Democratic Republic*, 2011 WL 4111504 at * 1-11 (S.D.N.Y. Sept. 13, 2011) – (i) foreign sovereign entities involved, FSIA case; (ii) order compelling respondent's discovery requests on March 18, 2011; (ii) order required compliance by March 28, 2011, for interrogatories and by April 8, 2011, for documents relating to bank accounts; (iii) defendants did not comply order and requested an extension of time to object to that order, which was granted by the Magistrate Judge; (iv) respondent filed objection to that order on April 28, 2011; (v) petitioner opposed that

motion and cross-moved for sanctions; (vi) on July 5, 2011, the Magistrate Judge sua sponte stayed its order pending the District Court's resolution; (vii) sanctions pursuant to Rule 37 were ultimately denied because respondent's objection to the discovery order was "substantially justified" because "[t]he law governing FSIA-related discovery is not clearly defined and is susceptible to genuine dispute"; and (viii) sanctions pursuant to the Court's inherent power were also denied because "delay alone, without 'clear evidence' of bad faith, does not rise to the level of sanctionable conduct contemplated by the case law."

In juxtaposition, not one of the aforesaid cases involves the facts and circumstances present here, either procedurally or substantively.  In specific contrast, Defendants opposed Plaintiff's motion to compel and immediately filed their motion to stay (on the basis of two separate appeals) after one order compelling discovery grounded in a Second Circuit decision that created a clear Circuit-split with the Seventh Circuit, as opposed to filing it after multiple orders compelling discovery and a long delay attributable to Defendants. *See First City*, 281 F.3d at 50-51 (failure to comply with a subpoena, contempt order granted on November 19, 2998, but sanctions of $1,000.00 not ordered until one year later on November 1, 1999); *Am. Rock Salt Co.*, 371 F.Supp.2d at 359-60 (two orders compelling discovery and attorney's fees awarded, but no sanctions during that time); *Thai Lao*, 2011 WL 4111504 at * 1-11 (order compelling discovery, followed by extension of time, followed by objection to Magistrate's order and *sua sponte* stay entered, and denial of sanctions on the grounds that discovery obligations under FSIA unclear); *Export-Import Bank*, 2010 WL 5463876 at *1-5 (sanctions awarded after "three motions to compel" were filed); *Musalli*, 2010 WL 2382415 at * 1-2 (order compelling discovery without opposition filed, followed by order to show cause for contempt

and sanctions, followed by status conference, followed by grace period to provide discovery, followed by sanctions after a subsequent motion for contempt).

In further contrast, Plaintiff seeks the unprecedented sanction amount of $10,000.00 *per* day after one order compelling discovery, no additional grace period, and in spite of Defendants' motion to stay. *See First City*, 281 F.3d at 50-51 (sanctions of $1,000.00 awarded one year after order of contempt); *Am. Rock Salt Co.*, 371 F.Supp.2d at 359-60 (sanctions awarded after two orders and after second order provided thirty days to comply); *Ferrara*, 2012 WL 1999643 at * 2-4 (no motion to stay filed and sanctions ordered only after failure to comply with order compelling discovery and court-ordered extension of that deadline); *Export-Import Bank*, 2010 WL 5463876 at *1-5 (sanctions in the amount of $1,000.00 per day awarded after "three motions to compel" and after defendant was provided with "a 14-day opportunity to purge its contempt"); *Musalli*, 2010 WL 2382415 at * 1-2 (sanctions of $1,000.00 per day ordered after providing a grace period, despite defendant's failure to oppose motions or appear for status conference).

This matter, therefore, stands in stark contrast to the case law relied upon by Plaintiff. Here, an order compelling post-judgment discovery against Defendants and the 226 Non-Party Sovereign Entities – on a motion to compel actively opposed by Defendants – was entered on 29 August 2012. Defendants timely appealed that Discovery Decision and timely filed a pre-motion conference letter prior to the deadline to comply with that decision seeking permission to file a motion to stay pending their appeal of the Discovery Decision and their appeal of the Summary Judgment Decision. For good reason (*i.e.*, Hurricane Sandy and the recovery therefrom), a pre-motion conference on Defendants' request did not occur until January 2013, at which time the current briefing schedule (as amended on Defendants' request – with Plaintiff's consent – to adjourn the schedule due to terrorist bombings in Iraq) was ordered by this Court.

It is also a significant contrast that Defendants have a substantial likelihood of succeeding in their pending appeals.  As to the Discovery Decision, in light of the Second Circuit's *EM* decision having squarely rejected the holding of the Seventh Circuit in *Rubin* (a case in which the Supreme Court denied a writ of *certiorari*), and thus creating a Circuit split on an issue of law that is of national *and* international importance, a grant of *certiorari* is likely.  In fact, as part of considering the *cert* petition in *EM*, the Supreme Court has asked the Solicitor General to express the SG's views of whether *certiorari* should be granted. Given the position taken by the SG in *Rubin* (which runs 180 degrees counter to the position adopted by the Second Circuit in *EM*), , it is very highly likely that the SG will recommend that the Supreme Court grant *cert*. Thus, it necessarily follows that there is a strong likelihood that the Supreme Court will grant cert in *EM*, which, a minimum, will provide guidance if not outright reverse the Second Circuit on this important issue.  As to the Summary Judgment decision, Defendants also assert that there is a substantial possibility of success on the merits, a result which would negate the discovery obligations set forth in the Discovery Decision.

The foregoing contrasts establish that the decisions relied upon by Plaintiff are inapposite, that Defendants' actions in seeking to stay the Discovery Decision was proper, that the Magistrate's Decision is correct, and that neither contempt nor sanctions against Defendants are warranted.  Simply put, Defendants have had substantial justification for their actions.

## IV.    EVEN IF THE FACTS ARE CERTIFIED, DEFENDANTS ARE ENTITLED TO A *DE NOVO* HEARING ON THE ISSUE OF CONTEMPT BEFORE THIS COURT

In the event that this Court either concludes that Magistrate Ellis committed clear error or that certification of the facts are required under a *de novo* standard of review of the Magistrate's

Decision, Defendants are nevertheless entitled to a full, *de novo* hearing on the issue of contempt.[12] *See* 28 U.S.C. §636(e)(6)(B)(iii); *Bowens*, 546 F.Supp.2d at 71-72.

## **CONCLUSION**

Based upon the foregoing, Defendants respectfully request that Plaintiff's objections the Magistrate's Decision be denied, or, in the event that Plaintiff's objections are well taken, a briefing schedule and hearing date be set on the issue of Plaintiff's allegations of contempt.

Dated: July 26, 2013

Respectfully Submitted,

MAGGS & MCDERMOTT, LLC

/s/ Timothy B. Mills
Timothy B. Mills (TM-8693)
910 17th Street, N.W., Suite 800
Washington, DC 20006
Telephone: (202) 457-8090
Email: TimothyBMills@aol.com
*Lead Counsel for Defendants*

/s/ Tennant D. Magee, Sr.
Tennant D. Magee, Sr. (TM–5871)
800 Old Bridge Road
Brielle, New Jersey
Telephone: (732) 223-9870
Email: tdmagee@yahoo.com
*Co-Counsel for Defendants*

LAW OFFICES OF STEPHEN ALBRIGHT

/s/ Stephen Albright
Stephen Albright (SA-4979)
4 Bay Hills Court
Huntington, New York 11743
Telephone: (631) 425-0511
Email: salbrightesq@gmail.com
*Co-Counsel for Defendants*

---

[12] At such a hearing, Defendants may dispute the findings and recommendations of Magistrate Judge Ellis on the first two elements of contempt.

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of July 2013, I electronically transmitted the attached

document and its supporting Declaration of Timothy B. Mills and supporting Exhibits:

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO
OBJECTIONS FILED BY PLAINTIFF TO DECISION AND ORDER
DECLINING TO CERTIFY FACTS IN SUPPORT OF PLAINTIFF'S
MOTION FOR CONTEMPTS AND SANCTIONS**

to the Clerk of the Court using the ECF System for filing and also caused a copy of the aforesaid

document and its supports Exhibits to be mailed *via* Federal Express, overnight mail, to the Chambers of

Honorable Richard M. Berman, U.S.D.J.  Based on the records currently on file, the Clerk of Court will

transmit a Notice of Electronic Filing to the following ECF registrant counsel for Plaintiff:

John A. Piskora, Esquire (JAP-1224)          Wook Hwang, Esquire
Loeb & Loeb                                  Loeb & Loeb
345 Park Avenue                              345 Park Avenue
New York, NY 10154                           New York, NY 10154
(212) 407-4000                               (212) 407-4035
Email: jpiskora@loeb.com                     Email: whwang@loeb.com

Bryan Reyhani, Esquire
Reyhani & Nemirovsky, LLP
200 Park Ave., FL 17
New York, NY 10166
(212) 897-4022
Email: bryan@rnlawfirm.com

and by email on counsel for the Third-Party Banks, JP Morgan Chase Bank N.A. and New York

Bank Mellon:

Steven B. Feigenbaum, Esquire
Levi Lubarsky & Feigenbaum LLP
1185 Avenue of the Americas, 17th Floor
New York, New York 10036
(212) 308-6100
sfeigenbaum@llf-law.com

/s/ Tennant D. Magee Sr.

23