UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SERVAAS INCORPORATED,

        Plaintiff,

  -against-

REPUBLIC OF IRAQ and MINISTRY OF
INDUSTRY OF THE REPUBLIC OF IRAQ,

        Defendant.
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/4/13

09 Civ. 1862 (RMB)

**OPINION AND ORDER**

  Having reviewed the record herein, including without limitation, **(i)** the Decision and Order, dated February 1, 2012, granting Plaintiff SerVaas Incorporated's ("SerVaas" or "Plaintiff") summary judgment motion recognizing a foreign judgment against Defendants Republic of Iraq and Ministry of Industry of the Republic of Iraq (collectively "Iraq" or "Defendants") (Decision & Order, dated Feb. 1, 2012, at 12.)[1]; **(ii)** the Amended Judgment, dated February 14, 2012, acknowledging the foreign judgment as a judgment in favor of SerVaas and against each Defendant, jointly and severally, in the amount of $14,152,800, plus interest and costs (Am. J., dated Feb. 14, 2012 ("Am. J."), at 1–2.); **(iii)** SerVaas's March 8, 2012 discovery requests seeking post-judgment discovery as to Iraq's United States assets (Pl.'s First Req. for the Prod. of Docs., dated Mar. 8, 2012, at 2–3.); **(iv)** SerVaas's May 16, 2012 motion to compel Iraq to engage in post-judgment discovery, arguing that Iraq had not "provided written objections to the discovery requests, let alone substantive responses and/or documents" and that Iraq had

---

[1] The Decision & Order also provides that the "Judgment is final, conclusive and enforceable against the Ministry" and that "there is no meaningful legal distinction between [the Ministry] and the Republic." (Decision & Order, at 4, 8 (alteration in original) (citations omitted).). The Decision & Order provides that the Court has personal and subject matter jurisdiction over Iraq and that Iraq is not entitled to sovereign immunity "under the commercial activities exception of the FSIA [Foreign Sovereign Immunities Act]." (Id. at 8–10.)

"waived any purported objection to the discovery requests" (Pl.'s Mem. of Law in Supp. of Its Mot. to Compel Post-Judgment Disc., dated May 16, 2012, at 2–3.); **(v)** Iraq's June 8, 2012 cross-motion for a protective order "relieving each of Defendants of any obligation whatsoever to answer or respond to Plaintiff's Discovery Requests" because they are overbroad and seeking a determination that discovery is precluded by the Foreign Sovereign Immunities Act (Def.'s Mem. of Law in Its Cross-Mot. for Protective Order and Opp. to Mot. to Compel, dated June 8, 2012, at 4–5.); **(vi)** the Court's Order, dated August 29, 2012, granting SerVaas' motion to compel, denying Iraq's Foreign Sovereign Immunities Act objection, denying Iraq's cross-motion for a protective order, and stating that "[t]his litigation has proceeded far too long in the Court's view and the parties are directed forthwith to meet and confer in good faith with respect to the specifics of all discovery (and settlement of the case). All discovery is to be concluded within 21 days of the date of this Order. . . . The Court will not hesitate to consider applicable sanctions if discovery is not concluded in accordance with this Order" (Order, dated Aug. 29, 2012 ("Discovery Order"), at 7.); **(vii)** Iraq's Notice of Appeal, dated September 17, 2012, seeking review of the Discovery Order by the United States Court of Appeals for the Second Circuit (Notice of Appeal, Sept. 17, 2012 ("Notice of Appeal"), at 1.)[2]; **(viii)** Magistrate Judge Ronald Ellis' Memorandum and Order, dated June 19, 2013, denying SerVaas's motion to certify facts in support of contempt and sanctions and also denying Iraq's motion to stay discovery (Mem. & Order, dated June 19, 2012 ("Judge Ellis' Order"), at 6–7.); **(ix)** SerVaas's Objections to Judge Ellis' Order, dated July 8, 2013, arguing that Judge Ellis' Order was clearly erroneous and contrary to law by "impermissibly resolv[ing] factual issues in favor of Defendants" and

---

[2] A discovery order (a non-final order) is generally not subject to interlocutory appeal. See Xerox Corp. v. SCM Corp., 534 F.2d 1031, 1031–32 (2d Cir. 1975).

2

contending that Iraq has "willfully failed . . . to produce any documents or sworn interrogatories to date" and that "[t]he prima facie elements of Defendants' civil contempt [are] indisputably . . . established" (Pl.'s Obj. to Order Denying Mot. for Certification, dated July 8, 2013 ("SerVaas's Obj."), at 2.); **(x)** Iraq's Memorandum of Law in Opposition to SerVaas's Objections to Judge Ellis' Order, dated July 26, 2013, arguing that the magistrate judge "applied the correct legal standard and reached the correct result" (Def.'s Mem. of Law in Opp. to Pl.'s Obj. to the Order Declining to Certify Facts in Supp. of Pl.'s Mot. for Contempt ("Iraq's Opp'n"), at 1.); **(xi)** Iraq's "Supplemental Notice Re Defendants' Current Schedule Concerning Discovery Responses," dated August 25, 2013, stating that Iraq does not "have any assets within the territory of the United States[,] . . . is not engaged in any commercial transactions within the territory of the United States," and "is in the process of . . . preparing appropriate sworn responses to [SerVaas's] Interrogatories," and attributing its (latest) delay in responding to SerVaas's discovery requests to, among other things, "the unanticipated difficulty of the language issue" (Def.'s Supp. Notice re: Def.'s Current Schedule Concerning Disc. Resp., dated Aug. 25, 2013, at 2–3.); **(xii)** the United States Court of Appeals for the Second Circuit's Summary Order, dated October 18, 2013, affirming the Amended Judgment (Servaas Inc. v. Republic of Iraq, No. 12-822 (2d Cir. Oct. 18, 2013.); **(xiii)** the United States Court of Appeals for the Second Circuit's Motion Order, dated October 29, 2013, granting SerVaas's motion to dismiss the Notice of Appeal for lack of appellate jurisdiction "because a final order has not been issued by the district court as contemplated by 28 U.S.C. § 1291" (Servaas Inc. v. Republic of Iraq, No. 12-3808 (2d Cir. Oct. 29, 2013.), and applicable authorities, **the Court hereby affirms in part and reverses in part Judge Ellis' Order as follows:**[3]

---

[3] Any issues not specifically addressed herein were reviewed on the merits and rejected.

3

(1) Judge Ellis' determination to not stay discovery is affirmed. This finding is fully consistent with the law and facts and earlier determinations of this Court. (See Judge Ellis' Order at 7–9; Am. J. at 1–2.)

(2) A magistrate judge's ruling should be rejected or modified when it is "clearly erroneous or is contrary to law," Fed. R. Civ. P. 72(a), i.e., when the magistrate "base[s his] ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or render[s] a decision that cannot be located within the range of permissible decisions." Sims v. Blot, 534 F.3d 117, 132 (2d Cir. 2008) (citations omitted). SerVaas's objections relate to civil contempt and a proposed award of sanctions for alleged discovery violations and the magistrate is not accorded the same deference in such circumstances as he would be in the case of a simple discovery dispute. See Weiss v. La Suisse, 161 F. Supp. 2d 305, 321 (S.D.N.Y. 2001); see also Kiobel v. Millson, 592 F.3d 78, 89 (2d Cir. 2010).

(3) Magistrate judges have limited civil contempt authority. Funnekotter v. Republic of Zimbabwe, No. 09 Civ. 08168, 2011 WL 5517860, at *2 (S.D.N.Y. Nov. 10, 2011). For example, under 28 U.S.C. § 636(e), a magistrate judge is not authorized to issue a final contempt order. NXIVM Corp. v. Bouchey, No. 11 MC. 0058, 2011 WL 5080322, at *3 (N.D.N.Y. Oct. 24, 2011). The magistrate judge's role is to certify facts relevant to the issue of civil contempt to the district court if he "determine[s] . . . the moving party can adduce sufficient evidence to establish a prima facie case of contempt," Toxey v. United States, No. 10 Civ. 3339, 2011 WL 4057665, at *2

4

(S.D.N.Y. Aug. 25, 2011) (emphasis added) (citations omitted).[4] In so doing, the magistrate must consider the evidence "submitted by the parties in the light most favorable to . . . the moving party," Telebrands Corp. v. Marc Glassman, Inc., 09 Civ. 734, 2012 WL 1050018, at *2 (D. Conn. Mar. 28, 2012); see Litton Systems, Inc. v. AT&T, 700 F.2d 785, 826, n.52 (2d Cir. 1983) ("[M]agistrate may certify to the district court facts relating to [any] act or conduct which if committed before a judge . . . would constitute contempt.").

(4) A party may be held in civil contempt for failing to comply with a discovery order when "(1) [the] order the contemnor failed to comply with is clear and unambiguous, (2) proof of noncompliance is clear and convincing, and (3) contemnor has not diligently attempted to comply in a reasonable manner." Paramedics Electromedicina Comercial Ltda v. GE Med. Sys. Info. Techs, Inc., 369 F.3d 645, 655 (2d Cir. 2004) (citation omitted). SerVaas argues persuasively that it has "adduce[d] sufficient evidence" to establish a prima facie case of contempt by showing that Iraq has not "made any diligent or reasonable efforts to comply with the Discovery Order." (SerVaas's Obj. at 2.) Iraq argues that each instance of delay in discovery (of which there have been several) was presented to Magistrate Judge Ellis. (Iraq's Opp'n at 10–11.)[5]

---

[4] Upon certification of the facts, the district court conducts a de novo hearing "at which issues of fact and credibility determinations are to be made." Bowens v. Atlantic Maint. Corp., 546 F. Supp. 2d 55, 71 (E.D.N.Y. 2008).

[5] The Court is not here ruling upon the merits of SerVaas's contempt/sanctions application. Such a ruling could only occur following a hearing. See supra note 4.

(5) SerVaas did present a <u>prima facie</u> case of contempt to Judge Ellis, considering, among other things, that the magistrate must construe the evidence "submitted by the parties in the light most favorable to . . . the moving party." <u>Telebrands</u>, 2012 WL 1050018, at *2. The parties do not dispute that the Discovery Order is clear and unambiguous. Second, "discovery is not complete because Iraq has not produced the requested documents. . . . " (Judge Ellis' Order at 3.) And, SerVaas has adduced evidence to show (<u>prima facie</u>) that the Defendants were not "reasonably diligent and energetic in attempting to accomplish what was ordered." <u>Equal Employment Opportunity Comm'n v. Local 638</u>, 753 F.2d 1172, 1178 (2d Cir. 1985) (citations omitted). Defendants appear to have gone to great lengths, through extensive arbitrations, litigations, motions, and appeals (here and abroad), to thwart SerVaas's pursuit of the debt owed by Defendants. (<u>See</u> SerVaas's Obj. at 10–12 (collecting examples).)

(6) "SerVaas's discovery demands [only] seek information from entities that were . . . parties to the underlying French Judgment" that was entered in 1991. (Judge Ellis' Order at 6.) SerVaas has introduced evidence that: **(i)** Iraq has not produced any documents or provided any sworn interrogatory responses (SerVaas Obj. at 11.); **(ii)** although Iraq's counsel represented on September 19, 2012 that it "expect[s] to be able to advise Plaintiff in the next 7–14 days with respect to additional responses that will be given and when," Iraq did not provide any such advice or information (SerVaas's Obj. at 12.); **(iii)** although no stay of discovery has ever been in effect here, Iraq appears to have incorrectly construed its several requests to stay or "adjourn" discovery as justification for further delay, see <u>Morisseau v. DLA Piper</u>,

6

707 F. Supp. 2d 460, 461–62 (S.D.N.Y. 2010) ("[P]laintiff is obliged by law to comply with the [discovery order] unless and until it is stayed or reversed, neither of which has occurred."); Am. Rock Salt Co., LLC v. Norfolk S. Corp., 371 F. Supp. 2d 358, 360–61 (W.D.N.Y. 2005) ("Merely filing a motion . . . does not excuse the moving party from fully complying with the order appealed from until a court grants a stay and relieves the party of its obligation to comply with a challenged order.") (SerVaas's Obj. at 13–14.), and **(iv)** SerVaas contends that publically available documents indicate that "Iraq [has] retained J.P. Morgan Chase Bank in the United States in connection with Iraq's issuance of sovereign debt instruments in the United States." (Servaas's Obj. at 4.) As a result, according to SerVaas, Iraq has failed to produce any meaningful discovery for over a year despite Court-ordered deadlines and myriad representations by Iraq that it would do so. SerVaas, as a matter of law, presented a prima facie case to the magistrate that Iraq did not diligently attempt to comply with discovery requests in a "reasonable manner." This Court is constrained, viewing the evidence in the light most favorable to SerVaas, to reverse the magistrate judge's conclusion that prima facie "[t]he actions of Iraq do not warrant a certification of contempt." (Id. at 5.)

**(7) Conclusion & Order**

For the foregoing reasons, Defendants' motion to stay post-judgment discovery is denied. (Judge Ellis' Order at 9.) Further delay in discovery is unfair and prejudicial to Plaintiff. Plaintiff's Objections to Magistrate Judge Ellis' Order Denying Plaintiff's Defendants' Motion for Certification of Facts Supporting Civil Contempt and Sanctions are sustained.

7

**The Court will conduct a conference in Courtroom 12D of the United States Courthouse, 500 Pearl Street, New York, New York on November 14, at 11:30 a.m. to, among other things, schedule a contempt/sanctions hearing.**

Dated: November 4, 2013
New York, New York

*Richard M. Berman*
_____
RICHARD M. BERMAN, U.S.D.J.

8