USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/24/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SERVAAS INCORPORATED,

                Plaintiff,

   -against-

REPUBLIC OF IRAQ and MINISTRY OF
INDUSTRY OF THE REPUBLIC OF IRAQ,

                Defendant.
------------------------------------------------------------X

09 Civ. 1862 (RMB)

**OPINION AND ORDER**

      Having reviewed the record herein, including without limitation, **(i)** the Decision and Order, dated February 1, 2012, granting Plaintiff SerVaas Incorporated's ("SerVaas" or "Plaintiff") summary judgment motion recognizing the April 16, 1999 judgment of the Paris Commercial Court in the amount of $14,152,800, plus interest and costs against Defendants Republic of Iraq and Ministry of Industry of the Republic of Iraq (collectively, "Iraq" or "Defendants") (Decision and Order, dated Feb. 1, 2012, at 12; Am. J., dated Feb. 14, 2012, at 1–2); **(ii)** SerVaas' March 8, 2012 discovery requests seeking post-judgment discovery as to Iraq's United States assets (Pl.'s First Req. for the Produc. of Docs., dated Mar. 8, 2012, at 2–3); **(iii)** SerVaas' May 16, 2012 motion to compel Iraq to engage in post-judgment discovery, pointing out that Iraq had not "provided written objections to the discovery requests, let alone substantive responses and/or documents" (Pl.'s Mem. of Law in Supp. of Its Mot. to Compel Post-J. Disc., dated May 16, 2012, at 2–3.); **(iv)** Defendants' June 8, 2012 cross-motion for a protective order seeking to relieve "each of Defendants of any obligation whatsoever to answer or respond to Plaintiff's Discovery Requests", arguing that discovery is precluded by the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605 ("FSIA") (Def.'s Cross-Mot. for Protective Order and Opp'n to Pl.'s Mot. to Compel, dated June 8, 2012, at 2); **(v)** the Court's Order, dated August 29, 2012,

granting SerVaas' motion to compel and denying Iraq's claim of sovereign immunity and Iraq's cross-motion for a protective order (Order, dated Aug. 29, 2012 ("Discovery Order"), at 7); **(vi)** Iraq's Notice of Appeal, dated September 17, 2012, to the United States Court of Appeals for the Second Circuit ("Notice of Appeal"); **(vi)** Magistrate Judge Ronald Ellis' Memorandum and Order, dated June 19, 2013, denying SerVaas' motion to certify facts in support of contempt and sanctions and also denying Iraq's motion to stay discovery (Mem. Opinion and Order, dated June 19, 2012 ("Judge Ellis' Order")); **(vii)** the Second Circuit's Summary Order, dated March 3, 2011, affirming the Court's denial of Defendants' motion to dismiss and stating that "[g]iven our conclusion that the Ministry's purchase of refining assistance was commercial activity that had a direct effect in the United States, the district court did not err in finding that it had subject matter jurisdiction over SerVaas's claims" (Servaas Inc. v. Republic of Iraq, No. 10-828 (2d Cir. Mar. 3, 2011)); **(viii)** the United States Court of Appeals for the Second Circuit's Order, dated October 29, 2013, granting SerVaas' motion to dismiss the Notice of Appeal for lack of appellate jurisdiction "because a final order has not been issued by the district court as contemplated by 28 U.S.C. § 1291" (Servaas Inc. v. Republic of Iraq, No. 12-3808 (2d Cir. Oct. 29, 2013)); **(ix)** this Court's Opinion and Order, dated November 4, 2013, affirming Judge Ellis' determination to not stay Defendants' discovery obligations and reversing Judge Ellis' decision to not certify facts in support of contempt and sanctions. ("Iraq has not produced any documents or provided any sworn interrogatory responses, . . . although no stay of discovery has ever been in effect here") (Decision and Order, dated Nov. 4, 2013, at 6, 7–8 ("Further delay in discovery is unfair and prejudicial to Plaintiff.")); **(x)** the contempt hearing, which was noticed by the Court on November 14, 2013 and held on January 15, 2014 for the purpose of evaluating "plaintiff's contention that the defendants are in contempt and sanctions are appropriate" ("Contempt

Hearing") (see Hr'g Tr., dated Jan. 15, 2014 ("1/15/14 Tr."); Hr'g Tr., dated Nov. 14, 2013 ("11/14/13 Tr."), at 2); **(xi)** the parties' Proposed Findings of Fact and Conclusions of Law regarding contempt, dated November 27 and 29, 2013, respectively (Pl.'s Proposed Findings of Fact and Conclusions of Law, dated Nov. 27, 2013 ("Pl.'s FFCL"); Def.'s Proposed Findings of Fact and Conclusions of Law, dated Nov. 29, 2013 ("Def.'s FFCL")); **(xii)** the letter from Timothy B. Mills, counsel to Defendants, to the Court, dated January 15, 2014, stating that "the United States Supreme Court granted the writ of certiorari filed by the Republic of Argentina in EM Ltd. v. Republic of Argentina, 695 F.3d 201 (2d Cir. 2012) cert. granted, 12-842, 2014 WL 92355 (U.S. Jan. 10, 2014) . . . [and] the predicate legal basis for the Discovery Order . . . was the reliance upon [the] EM [case]" (("Mills Letter"), at 2); **(xiii)** the letter from John A. Piskora, counsel to Plaintiff, to the Court, dated January 16, 2014, stating that "[a] grant of certiorari is not a reversal . . . and does not excuse Defendants' failure to comply with this Court's discovery Order" (("Piskora Letter"), at 3); and applicable authorities, **the Court hereby finds that Defendants Republic of Iraq and the Ministry of Industry of the Republic of Iraq and their counsel, Timothy B. Mills, James Maggs, and Tennant D. Magee, and their firm, Maggs & McDermott, LLC, and Stephen Albright, a solo practitioner, are in contempt of Court for failure to comply with the Discovery Order, dated August 29, 2012 as follows:**

> **(1)** As noted, the Contempt Hearing was held on January 15, 2014. (See 1/15/14 Tr. at 1.) Plaintiff called two witnesses, John Piskora, Esq. and Stephen Plopper, Esq., who had previously submitted affidavits containing their direct testimony. (See Decl. of John Piskora, dated Jan. 6, 2014 ("Piskora Decl."); Decl. of Stephen Plopper, dated Jan. 6, 2014 ("Plopper Decl."); see also 1/15/14 Tr.) Defendants elected to not cross-examine the Plaintiff's witnesses. (1/15/14 Tr. at 2 ("MR. MILLS: Your Honor, we

3

have no questions of either witness.").) And, Defendants also failed to present any direct evidence in opposition to Plaintiff's claim for sanctions. (Id. at 3–4 ("MR. MILLS: Your Honor, the defendants have no witnesses . . . THE COURT: . . . We have had months and years of preparation for today and you've had the opportunity to have witnesses present and you don't. . . . You have no case against the plaintiff's case, other than your submissions of proposed findings of fact with respect to this hearing[?] MR. MILLS: Yes, your Honor.").)

**(2)** A district court clearly has discretion to impose contempt sanctions for violations of post-judgment discovery orders. Exp.-Imp. Bank of Republic of China v. Grenada, No. 06 Civ. 2469, 2010 WL 5463876, at *1 (S.D.N.Y. Dec. 29, 2010) (quoting Daval Steel Prods, a Div. of Francosteel Corp. v. M/V Fakredine, 951 F.2d 1357, 1363 (2d Cir. 1991)). "A party may be held in civil contempt for failure to comply with a court order if (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc., 369 F.3d 645, 655 (2d Cir. 2004) (citing King v. Allied Vision, Ltd., 65 F.3d 1051, 1058 (2d Cir. 1995)). These three criteria are met here. See Update Art, Inc. v. Modiin Publ'g, Ltd., 843 F.2d 67, 73 (2d Cir. 1988).

**(3)** The Discovery Order is clear and unambiguous. (See Discovery Order at 5.) Indeed, in their prior submissions, Defendants acknowledged that "[t]he Discovery Decision compelled Defendants to provide the following discovery . . ." (Def.'s Mem. of Law in Opp'n to Mot. for Contempt and Sanctions, dated Apr. 10, 2013 ("Def.'s Opp'n

4

Br."), at 8.) Second, Defendants' noncompliance with the Discovery Order has been established by clear and convincing evidence. (See Piskora Decl. ¶ 16 ("To date, Defendants have failed to produce a <u>single</u> document or a <u>single</u> sworn interrogatory response." (emphasis in original)).) Third, Defendants have not diligently attempted to comply with their post-judgment discovery obligations. (See Def.'s Opp'n Br. at 13–14 (acknowledging that Defendants made the conscious "election not to provide additional discovery responses").) See, e.g., <u>Musalli Factory for Gold & Jewelry Co. v. New York Fin. LLC</u>, No. 06 Civ. 82, 2010 WL 2382415, *3 (S.D.N.Y. June 14, 2010) ("Despite Mr. Boktor's claim of 'sincere . . . cooperation,' the subpoena and this Court's order has been ignored."); see also <u>First City, Texas Houston, N.A. v. Rafidain Bank</u>, 281 F.3d 48, 52, 55 (2d Cir. 2002) ("Rafidain has not yet produced any post-judgment discovery or paid any of the 1991 judgment. . . . The order of contempt was entered to compel Rafidain's compliance with the 1998 Subpoena."); <u>Exp.-Imp. Bank of Republic of China v. Grenada</u>, 2010 WL 5463876 at *4 ("While Grenada may have provided certain information, it provided no information that would aid Plaintiff in ascertaining the existence of any funds, in direct contravention of my March 1, 2010 Order. Grenada has had an inordinate amount of time to comply with post-judgment discovery, has provoked three motions to compel, and required regular attention from this Court. . . . Sanctions are appropriate."); <u>Thai Lao Lignite (Thailand) Co. v. Gov't of the Lao People's Democratic Republic</u>, No. 10 Civ. 5256, 2011 WL 4111504, at *9–10 (S.D.N.Y. Sept. 13, 2011) ("Respondent is subject to sanctions under Rule 37(b)(2) because it violated Judge Freeman's April 4 Order when it failed to identify and produce the bank account records by the April 8

5

deadline set forth in that Order. . . ."); Cordius Trust v. Kummerfeld, 99 Civ. 3200, 2009 WL 3416235, at *1, *14 (S.D.N.Y. Oct. 23, 2009) ("In the almost ten years since the first judgment in April 2000, Cordius has been unable to collect a single cent from the Kummerfelds. . . . Mr. Kummerfeld is held in contempt for violating the May 6, 2008 Discovery Order."); Transatlantic Bulk Shipping Ltd. v. Saudi Chartering S.A., 112 F.R.D. 185, 188 (S.D.N.Y. 1986).

(4) Defendants' counsel informed the Court that a representative of Iraq was present at the Contempt Hearing but that he did not want to make any statement. (1/15/14 Tr. at 4–5, 8 ("MR. MILLS: Dr. Salwan Sinjaree, as Minister of Plenitiary [sic] to the Iraqi Mission to the United Nations, is here today as a diplomatic representative of the State of Iraq to attend the hearing on behalf of the Republic of Iraq Ministry of Industry to hear what the Court is saying to the Iraq Ministry of Industry . . . and report what the Court says and does through the diplomatic channels to the highest levels of government of Iraq."); id at 7 ("THE COURT: Do you want to testify today? MR. MILLS: No, your Honor, he's not testifying today. THE COURT: Because if he were, one of the questions on my mind would be why Iraq has not complied with the discovery schedule in this case. That's what I would ask him if he were testifying, and I'm sure plaintiff would probably ask him the same thing. MR. MILLS: No, your Honor. He is not testifying.").)

(5) The Court hereby awards sanctions against Defendants and their counsel, Timothy B. Mills, James Maggs, and Tennant D. Magee, and their firm, Maggs & McDermott, LLC, and Stephen Albright, a solo practitioner, for contempt of Court, i.e., for failing to participate in post-judgment discovery notwithstanding the Court's orders,

including the Discovery Order, directing that Iraq respond to SerVaas' post-judgment discovery requests "within 21 days of the date of this Order". (See Discovery Order at 7 ("This litigation has proceeded far too long in the Court's view and the parties are directed forthwith to meet and confer in good faith with respect to the specifics of all discovery (and settlement of the case). All discovery is to be concluded within 21 days of the date of this Order. . . . The Court will not hesitate to consider applicable sanctions if discovery is not concluded in accordance with this Order.").) Defendants appear also to have failed to comply with Judge Ellis' orders, including orders dated June 19, 2013 and July 12, 2013. (Judge Ellis' Order, dated June 19, 2013, at 9 ("Iraq is HEREBY ORDERED to produce the requested interrogatories and documents as it relates to the Republic of Iraq and the Ministry of Industry for the Republic of Iraq by July 2, 2013."); Judge Ellis's Order, dated July 12, 2013, at 2 ("Iraq is HEREBY ORDERED to submit a production schedule by August 1, 2013.").

**(6)** The Court also finds that Defendants' and their counsels' failures to comply with the Discovery Order have been knowing and in complete disregard of the Court's directives. See Jones v. Niagara Frontier Transp. Auth. (NFTA), 836 F.2d 731, 735 (2d Cir. 1987) ("Mr. Jones' refusal to obey the orders directing him to testify was knowing, intentional and willful."); Morisseau v. DLA Piper, 707 F. Supp. 2d 460, 461 (S.D.N.Y. 2010) ("[P]laintiff is obliged by law to comply with the March 26 Order unless and until it is stayed or reversed, neither of which has occurred."); Am. Rock Salt Co., LLC v. Norfolk S. Corp., 371 F. Supp. 2d 358, 360 (W.D.N.Y. 2005) ("Merely filing a motion for such relief does not excuse the moving party from fully

7

complying with the order appealed from until a court grants a stay and relieves the party of its obligation to comply with a challenged order.").

**(7)** Defendants, in their Proposed Findings of Fact and Conclusions of law, rely on the doctrine of sovereign immunity to argue that "Rubin v. The Islamic Republic of Iran, 637 F.3d 783 (7th Cir. 2011), cert. denied, 133 S. Ct. 23 (2012), . . . precludes the post-judgment discovery sought by SerVaas." (Def.'s FFCL at 10, n.2.) The sovereign immunity argument has been examined previously and rejected by this Court—and by the Court of Appeals for the Second Circuit. See Servaas Inc. v. Republic of Iraq, 10 Civ. 828, 2011 WL 454501, at *1 (2d Cir. Feb. 10, 2011) ("The district court found that it had jurisdiction over SerVaas's claims against the Ministry of Industry ('the Ministry') pursuant to the 'Commercial Activity' exception to the FSIA. We agree."); id. at *3 ("The district court, therefore, properly treated [the Republic of Iraq and the Ministry of Industry] as a single entity in establishing subject matter and personal jurisdiction under the FSIA."); Servaas Inc. v. Republic of Iraq, 686 F. Supp. 2d 346, 356 (S.D.N.Y. 2010), aff'd, 10-828-CV, 2011 WL 454501 (2d Cir. Feb. 10, 2011) ("This Court has both subject matter and personal jurisdiction with respect to the Ministry of Industry . . . [and] the Republic of Iraq.").

**(8)** Defendants' argument that the Supreme Court's January 10, 2014 decision to review the Second Circuit's EM Ltd. case "precludes . . . the post-judgment discovery requests in aid of execution sought by SerVaas and ordered by this Court" is not persuasive. (Mills Letter at 2.) That appeal raises the issue of "[w]hether post-judgment discovery in aid of enforcing a judgment against a foreign state can be ordered with respect to all assets of a foreign state regardless of their location or use."

8

Petition for Writ of Certiorari, Republic of Argentina v. NML Capital, Ltd., 2013 WL 122883 (U.S.), at 1. SerVaas' post-judgment discovery requests (and the Discovery Order) concern only documents and information related to Defendants' "assets and commercial activities with ties to the United States." (Discovery Order at 5.)[1] And, in any event, the grant of a writ of certiorari does not constitute a reversal of the Second Circuit's opinion. See Sunbeam Corp. v. Masters of Miami, Inc., 225 F.2d 191, 202, n.5 (5th Cir. 1955) ("When the United States Supreme Court is petitioned to grant certiorari, the only question presented and briefed is the question whether or not it will hear the case later on the merits. The granting of certiorari is a discretionary decision to put the case on its docket, and thereafter, in due course, to hear it on the merits.")

**(9)** The Court also finds that Defendants' counsel, Timothy B. Mills, James Maggs, and Tennant D. Magee, and Stephen Albright, and the law firm of Maggs & McDermott, LLC have participated in and supported the violation of the Court's Discovery Order and its discovery directives. Enmon v. Prospect Capital Corp., 675 F.3d 138, 147 (2d Cir. 2012) ("[W]e would upset a relatively long-standing practice among district courts in our Circuit if we were to hold that law firms may not be sanctioned . . . for the acts of certain attorneys."); Thai Lao Lignite (Thailand) Co., 2011 WL 4111504, at *10 ("This Court therefore orders Respondent to pay to Petitioners the reasonable expenses and attorneys' fees Petitioners incurred as a result of Respondent's failure to

---

[1] Such U.S.-based asset recovery was, in fact, provided by Argentina in EM Ltd. See EM Ltd., 695 F.3d at 207, n.6 ("However, NML has already obtained discovery on Argentina's assets in the United States, and so the new information it will receive pursuant to the Discovery Order relates only to Argentina's assets abroad.").

comply with the April 4 Order."); Shaw Family Archives, Ltd. v. CMG Worldwide, Inc., 589 F. Supp. 2d 331, 345 (S.D.N.Y. 2008) (Where the court stated: "Therefore, for misconduct in failing to disclose the Monroe Estate's position on domicile . . . , and for affirmatively representing that Monroe was a domiciliary of California . . . , I impose sanctions as follows: (1) On Defendants severally in the amount of $10,000. (2) On the law firm of Gibson, Dunn & Crutcher severally in the amount of $10,000.") Counsel have violated the Court's Discover Order by, among other things, presenting inaccurate, misleading, and untrue communications to Plaintiff and to the Court regarding Iraq's compliance with the Discovery Order (See, e.g., 11/14/13 Tr., at 7–8 ("MR. MILLS: Your Honor, there was an initial production of some documents in this matter. THE COURT: Which were those? MR. MILLS: They were documents related to do the financial -- THE COURT: Specifically, which documents have you produced? MR. MILLS: Your Honor, we produced documents concerning the 2004 and 2007. THE COURT: What documents did you produce? MR. MILLS: Your Honor, I would have to report to the Court. I would have to look at those documents and report to the Court. I don't have it at the tip of -- THE COURT: If you don't have it on the tip, it doesn't sound like you have it much further back either. Do you know what category of documents you produced or you don't? MR. MILLS: Yes, I do. THE COURT: What were those categories? MR. MILLS: They had to do with financial transactions of the Republic of Iraq with the United States between the time frame of 2004 and 2007. THE COURT: And how many pages, roughly? MR. MILLS: About 80, 90 pages. THE COURT: 80, 90? MR. MILLS: My recollection is somewhere between 80 and 90 pages. THE

10

COURT: They were produced when? MR. MILLS: They were produced, to my recollection, shortly after your Honor's order was entered."); Letter from Tennant D. Magee to John A. Piskora, dated Sept. 19, 2012, at 2–3 ("Defendants remain seriously committed to compliance with the Discovery Order. . . . Defendants shall continue their investigation and efforts to provide rolling responses going forward, absent an entry of an Order to the contrary."); id. at 2 ("Defendants, through counsel, expect to be able to advise Plaintiff in the next 7–14 days with respect to additional responses that will be given and when, ordered in accordance with Plaintiff's priority items, on a rolling-production basis."); Letter from Tennant D. Magee to the Hon. Ronald Ellis, dated July 1, 2013, at 1 ("Defendants require [counsel's] presence in Baghdad to effectively supervise the collection and legal review of information and documents."); "Notice Re Defendants' Current Schedule Re Discovery Responses", filed with the Court on Aug. 2, 2013, at 2 ("Counsel's best estimate is that Defendants' initial discovery responses . . . will be made on or about the week ending August 16, 2013, and will continue promptly thereafter until completed."); "Supplemental Notice Re Defendants' Current Schedule Concerning Discovery Responses", filed with the Court on Aug. 25, 2013, at 3 ("Counsel's best estimate of the date for the Ministry's response to Interrogatories and production of documents now is mid-September 2013.").)

(10) The reality is starkly different than Defendants' representations. (See, e.g., Piskora Decl. ¶ 25 ("At the parties' appearance before the Court on November 14, 2013 . . . , counsel for Defendants again represented that substantial progress had been made

11

towards Defendants' discovery obligations . . . Defendants failed to produce any discovery by the close of 2013, and have failed to do so to date."); id. ¶ 17 ("Defendants never provided any such information. Nor have any of the 'rolling responses' or 'rolling productions' promised in the September 19 letter been made to date."); id. ¶ 16 ("**To date, Defendants have failed to produce a single document or a single sworn interrogatory response.**" (emphasis added)); id. ¶ 15 ("Contrary to the representations recently made by Defendants' counsel to the Court that Defendants had made an initial production of approximately 80 to 90 pages of documents . . . , in fact Defendants made no such production of documents, but rather provided a 3-page summary chart of purported letters of credit and commercial transactions entered into by the Ministry, without producing any of the documents underlying these transactions.").)[2]

(11) The sanction imposed upon Iraq is $2,000 per day effective Friday, January 24, 2014, and continuing for each day that Iraq continues to fail to comply with the Discovery Order. See, e.g., FG Hemisphere Assocs., LLC v. Democratic Republic of Congo, 603 F. Supp. 2d 1, 3 (D.D.C. 2009), aff'd, 637 F.3d 373 (D.C. Cir. 2011) (imposing contempt fine on foreign sovereign in the amount of $5,000 per week, doubling every four weeks until reaching a maximum of $80,000 per week, until defendant satisfied

---

[2] Counsel have also defied the spirit of the Discovery Order by, among other things, not objecting to any of SerVaas' discovery demands until Plaintiff moved to compel production on May 16, 2012 (see Piskora Decl. ¶ 5), moving two days before the Court-ordered deadline for completion of discovery to stay post-judgment discovery pending Defendants' appeal of the Discovery Order or, in the alternative, to "adjourn" the discovery deadline set by the Discovery Order (see id. ¶ 12), and filing the Notice of Appeal of the Discovery Order which was not subject to interlocutory appeal. See Xerox Corp. v. SCM Corp., 534 F.2d 1031, 1031–32 (2d Cir. 1975).

its post-judgment discovery obligations); Gucci Am., Inc. v. Gucci, 07 Civ. 6820 (RMB), 2009 WL 440463, *7 (S.D.N.Y. Feb. 20, 2009) (imposing a sanction of "$1,000 per day for each day" the Defendant failed to "produce discovery materials as required"); In re Application to Quash Subpoena to Nat. Broad. Co., Inc., 1995 WL 807206 (S.D.N.Y. Nov. 9, 1995), rev'd on other grounds, 79 F.3d 346 (2d Cir. 1996) (imposing a sanction of $5,000 per day beginning five days after the Court's order against Defendant for violating discovery order); Perkinson v. Houlihan's/D.C., Inc., 108 F.R.D. 667, 668 (D.D.C. 1985), aff'd sub nom. Perkinson v. Gilbert/Robinson, Inc., 821 F.2d 686 (D.C. Cir. 1987) (imposing a sanction of $5,000 to coerce pre-trial discovery).

**(12)** The sanction imposed on Defendants' counsel, Timothy B. Mills, James Maggs, and Tennant D. Magee, and their firm, Maggs & McDermott, LLC, and Stephen Albright, a solo practitioner, jointly and severally, is forthwith to pay all reasonable attorneys fees and costs associated with the Plaintiff's pursuit of post-judgment discovery. Thai Lao Lignite (Thailand) Co., 2011 WL 4111504, at *8 ("A court may also impose sanctions on a party, its counsel, or both, for other misconduct in discovery under its inherent power to manage its own affairs." (citing DLC Mgmt. Corp. v. Hyde Park, 163 F.3d 124, 135–36 (2d Cir. 1998)).

**(13)** Plaintiff is directed to submit to the Court its total fees and expenses associated with Plaintiff's pursuit of post-judgment discovery, with supporting time records, on or before January 31, 2014.

Dated: January 23, 2014
New York, New York

*/s/ RMB*
**RICHARD M. BERMAN, U.S.D.J.**